HACKETT and another vs. CARTER.

PRACTICE: PLEADING.    (1) *Demurrer lies for joinder of causes of action triable in different counties.*    (2) *Query as to power of court to divide action.*    (3, 4) *Two demurrers to same pleading, when treated as one.*    (5) Res adjudicata.    *Successive demurrers, on same ground, to original and amended complaints.*

1. The complaint states a cause of action relating to land in the county where suit was brought, and, in a separate count, a cause of action relating to land *in another county.*    *Held,*
    (1) That the causes of action are *local,* and each properly triable in the county where the land to which it relates is situate.    R. S., ch. 123, sec. 1.
    (2) That a demurrer will lie for the misjoinder.    R. S., ch. 125, secs. 31, 32.
2. Whether the court below, under the last clause of sec. 38, ch. 125, might order the action to be divided, is not here considered.
3. It is irregular to file two demurrers to the same pleading, without leave of court.

. . .

4. But where two demurrers were filed to a complaint, one for its failure to state facts sufficient to constitute a cause of action, and the other for its misjoinder of causes of action, and no objection was taken, but the parties submitted to the decision of the court both the questions thus raised: *Held*, that they must be treated here as one demurrer.
5. A demurrer to the *original* complaint, for the misjoinder above described, was overruled, and no appeal was taken from that order. The present complaint, amended in other respects but containing the same causes of action, was then filed. *Held*, on demurrer thereto,

(1) That this court would probably be inclined, on general principles, to regard the question as *res adjudicata* by virtue of the decision on the former demurrer.

(2) That under sec. 6, ch. 139, R. S., it would be the duty of this court, on appeal by defendant *from the judgment*, to review the order overruling the former demurrer, as "an intermediate order involving the merits and necessarily affecting the judgment."

(3) That, to avoid contradictory decisions on different appeals in the same cause, it must therefore be held, on this appeal *from the order* overruling the demurrer, that the question of misjoinder was *not res adjudicata* by the former order.

APPEAL from the Circuit Court for *Eau Claire* County.

This action was commenced in 1873, by *Orpha R. Hackett*, with her husband as coplaintiff; and the relief sought was, 1. That a certain deed executed by *Mrs. Hackett* to the defendant, conveying land in Jackson county in this state, might be cancelled, or that defendant might be compelled to reconvey said land to *Mrs. Hackett*. 2. That defendant might be compelled to reconvey to one Getmann and wife, or to convey to *Mrs. Hackett*, certain lands in Eau Claire county in this state, which said plaintiff had sold to defendant and caused to be conveyed to him by said Getmann and wife; and also that defendant might be required to deliver up to said plaintiff a certain order for $500 on the Eau Claire Lumbering Company. The relief was sought on the ground of defendant's alleged fraudulent misrepresentations as to his ownership of certain lands which he agreed to convey to *Mrs. Hackett* in consideration of her conveyance to him of the Jackson county lands, and like fraudulent misrepresentations as to his ownership of

certain other lands which he agreed to convey to her in consideration of her conveying to him said Eau Claire county lands and giving him said order on the lumbering company. The cause of action touching the lands in Jackson county, and that touching the Eau Claire county lands and said order on the lumbering company, are stated separately in the complaint.

The original complaint was served December 2, 1873. On the 26th of the same month, defendant demurred to the complaint as not stating a cause of action ; and this demurrer was overruled in January, 1874, with leave to defendant to answer within thirty days. Defendant then demurred to the same complaint for misjoinder of causes of action ; and this demurrer was argued, and was overruled on the 6th of April, 1874, with leave to defendant to answer within forty days, upon terms. The defendant thereupon served an answer; and, within twenty days thereafter, the plaintiffs served an amended complaint. This was similar to the original complaint in its general character and form, and in the relief demanded, but modified a statement of fact therein. The defendant demurred to this complaint for misjoinder of causes of action, for insufficiency of facts, and for defect of parties plaintiff, in that Getmann was not made such a party. From an order overruling this demurrer, defendant appealed.

*Meggett & Teall*, for appellant, argued that real actions must be tried in the county where the subject of the action is situated (Tay. Stats., ch. 123, § 1), and therefore the two causes of action were improperly joined. *Dewey v. Ward*, 12 How. Pr., 422; 2 Wait's Pr., 367–8. 2. The service of an amended pleading renders the original pleading, together with the answer or reply thereto, and every issue thereby raised, an absolute nullity ; and such former pleadings cease to be a part of the record. 2 Wait's Pr., 509; 9 Abb. Pr., 45; 5 Duer, 654; 1 E. D. Smith, 622; 4 How. Pr., 174; 18 N. Y., 495; 2 Till. & Sh. Pr., 200; *Yates v. French*, 25 Wis., 664–5. The decisions upon the former demurrers were not *judgments* in

effect, under the code, but merely in the nature of decisions upon motions; and in such cases the doctrine of *res adjudicata* is inapplicable. *Belmont v. Erie R. R. Co.*, 52 Barb., 642, 647, 649, 651, and cases there cited; *Mack v. Patchin*, 29 How. Pr., 29. Moreover, that doctrire is inapplicable here, because the amended complaint contained averments not contained in the original. *Turner v. Pierce*, 31 Wis., 358; *McGonigal v. Colter*, 39 id., 630. Again, defendant having excepted to the decisions of the court on the first two demurrers, those decisions would not be considered *res adjudicatæ* so long as defendant had a right to have them reviewed on appeal from any judgment plaintiff might recover therein. 3. Demurrer No. 1, to the insufficiency of facts, was no waiver of the objection for misjoinder; because, in the order of pleading, it should first appear on the record that two causes of action were sufficiently stated, before the other objection could consistently be taken. And the objection that one of the causes of action was not properly triable in that county, was an objection to the jurisdiction as to such cause of action, and such an objection is never waived. Tay. Stats., ch. 125, § 9; id., ch. 123, § 1. And defendant ought not to be presumed to have waived the latter ground of demurrer by interposing the former, any more than he would by answering to the merits, in which case he may at any time before trial obtain a change to the proper county. 2 Wait's Pr., citing 11 How. Pr. R., 149.

*W. P. Bartlett* and *H. H. Hayden*, for respondents:

1. The amended complaint not changing the cause of action, the answer to the original complaint would be an answer to the amended complaint, though defendant had a right to serve a distinct answer thereto if he desired. *Yates v. French*, 25 Wis., 664; *First Nat. Bk. v. Prescott*, 27 id., 616. The first demurrer was a *waiver* of the alleged misjoinder and defect of parties; and all the questions sought to be raised by the demurrer to the amended complaint were already *res adjudicatæ* by

the decision of the demurrers to the original complaint. *Pierce v. Kneeland*, 9 Wis., 23; *Kalisch v. Kalisch*, id., 529; *Second Ward Bank v. Upman*, 14 id., 596; *Driscoll v. Damp*, 16 id., 106; *Bishop v. Milwaukee*, 18 id., 431; *Webster v. Tibbits*, 19 id., 438; *Dwight v. St. John*, 25 N. Y., 203. 2. There is no misjoinder. The parties are all residents of Eau Claire county. Suppose the complaint set forth only the cause of action relating to the lands in Jackson county, could the defendant demand as a matter of right that the trial be had in Jackson county? We think not; and certainly he could not unless, within the time for answering, he demanded in writing that the trial be had in the proper county. *Pereles v. Albert*, 12 Wis., 666.

COLE, J. The complaint states, in different counts, two distinct causes of action: one relating to the lands in Jackson county, and the other relating to the lands in Eau Claire county. One ground of objection taken in the demurrer is, that these actions are triable in different counties, and therefore are improperly united. It appears to us that the objection is well taken.

That these causes of action are local and properly triable in the county where the different tracts are situated, does not admit of doubt, in view of the plain language of sec. 1, ch. 123, R. S. That section provides that actions for the recovery of real property, or for the determination of a right or interest therein, shall be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial. This provision clearly determines the county in which these causes of action must be tried. But the question is, Can the defendant take advantage of this improper union of these causes of action, on demurrer? We think he can. Sec. 31, ch. 125, R. S., prescribes what causes of action may be united in the complaint. And sec. 32 declares that the causes of action so

united must not only belong to one of the specified classes, but must affect all the parties to the action, and *not require different places of trial*. The complaint before us does not meet these conditions. The causes of action do not arise out of the same transaction, but distinct and independent transactions. The relief asked would require the court, by its judgment, to cancel the deed executed by the plaintiff *Orpha R. Hackett* to the defendant, of the lands in Jackson county, and order a reconveyance of those lands by him to her; and also to cancel the assignment of the Getmann contract of the lands in Eau Claire county, and adjudge a conveyance of those lands to her. The circuit court for Eau Claire county would therefore be called upon to act directly upon real estate within that county, and also upon real estate in another county — no fact being stated to give it the right to try the last cause of action. There is no authority in the statute for uniting in the complaint these distinct causes of action triable in different counties; and on that ground the complaint is demurrable. Subd. 5, sec. 5, ch. 125. Whether it would or would not be competent for the court, under the last clause of sec. 38, to order the action to be divided, is not a question now before us. But it is clear the circuit court of Eau Claire county has no right to try the first cause of action, if properly objected to; nor do we see that the plaintiffs can derive any support, upon the facts stated, from the doctrine of *Pereles v. Albert*, 12 Wis., 666.

A very novel practice seems to have been adopted in this case. There were two demurrers filed to the original complaint; the first, on the ground that the complaint failed to state a cause of action; the second, on the ground that several causes of action were improperly united. It is insisted that the defendant, by demurring on the first ground, waived the objection that two causes of action were improperly united.

The practice of filing two demurrers to the same pleading, without leave of court, is, we suppose, irregular and unauthorized under any system of procedure. In this case no objec-

tion was taken to it in any way, but the parties saw fit to let both demurrers remain upon the record, and submitted the questions raised by them for the decision of the court. Under these circumstances we do not see but they must be treated as amounting practically to one demurrer to the complaint; and both grounds of objection to it must be regarded as being before the court. As a matter of fact, they seem to have been so considered by that court.

It is further insisted that the question whether two causes of action are improperly united, is *res adjudicata* in the cause. We have already remarked that the objection of misjoinder was taken to the original complaint, and was considered by the court, and overruled. No appeal having been taken from that order, it is claimed that the question is *res adjudicata*. We should certainly be inclined to so hold, were it not for the provision of the statute (sec. 6, ch. 139, R. S.) which enacts that this court, on appeal from the judgment, may review any intermediate order involving the merits and necessarily affecting such judgment. So it would be the duty of this court, on an appeal from the judgment, to examine the correctness of the order overruling that demurrer. And, should we affirm this order on the ground that the question was *res adjudicata*, this strange anomaly might result. On appeal from the judgment, we should hold that the defendant was not concluded by the decision of the court on the question of misjoinder, but might assail the decision of the court upon that point; while, on this appeal from the order on the last demurrer, we should decide that he was concluded. To avoid so palpable an absurdity we must hold that the doctrine of *res adjudicata* has no application to the decision of the court below on the former demurrer.

It was claimed that the doctrine had no application for another reason, namely, that an amended complaint was filed after the first demurrer was overruled, which gave the defendant the right to take any objection he chose by demurrer to that complaint. It is unnecessary to consider whether this po-

sition is sound or not, as we place our decision upon the ground stated and upon considerations arising wholly upon the statute regulating appeals to this court.

*By the Court.* — The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.