WRIGHT vs. THE TOWN OF MERRIMACK.

*May 11 — June 4, 1881.*

CLAIMS AGAINST TOWNS: *Statute requiring them to be filed, construed.*

1. Sec. 824, R. S. (which provides that "no action upon any claim . . . for which a money judgment only is demanded, shall be maintained against any town, unless a statement of such claim shall have been filed with the town clerk to be laid before the town board of audit, nor until ten days after the next annual town meeting thereafter"), applies to an action under section 1164, R. S., to recover a tax illegally assessed and collected by a town.
2. Such a tax was collected before the day fixed by law for the regular meeting of the board of audit, on which day it actually met; the claim was filed some days later, and before the day of the annual town meeting; the board did not again meet until the following December, and then did not act on said claim; and this action thereon was commenced before the *next* annual town meeting. *Held*, that it could not be maintained.

APPEAL from the Circuit Court for *Sauk* County.

Action to recover the amount of an alleged unlawful tax assessed against the plaintiff in 1878, and which, on the 25th of January, 1879, he paid, under protest, to prevent the sale of his personal property for the amount thereof. The cause was tried in the circuit court upon an agreed statement of facts. In addition to the facts recited in the opinion, this statement

shows that the regular annual meeting of the defendant town occurred on Tuesday, April 1, 1879; that at that time the supervisors of the town knew that plaintiff had filed his claim here in question in the office of the town clerk; and that, at the time for voting appropriations and transacting the general business of the town at said meeting, the chairman of the board of supervisors, who presided at the meeting, refused to present said claim and take a vote of the meeting thereupon as requested by the plaintiff.

Judgment was rendered in favor of the plaintiff; and the defendant appealed.

*G. Stevens*, for the appellant.

For the respondent there was a brief by *Barker & Barlow*, and oral argument by *Mr. Barker*.

COLE, C. J. The learned counsel for the town frankly admitted on the argument that the tax in controversy was unlawfully assessed against the plaintiff, but he insisted that no action to recover the same could be maintained, because section 824, R. S., had not been complied with. This was really the defense set up and relied on in the answer. Section 824 provides that "no action upon any claim or cause of action for which a money judgment only is demandable, shall be maintained against any town, unless a statement of such claim shall have been filed with the town clerk to be laid before the town board of audit, nor until ten days after the next annual town meeting thereafter."

From the statement of facts agreed upon, it appears that after the illegal tax was collected, viz., on the 25th day of March, 1879, that being the day fixed by law for the regular meeting of the board (section 820, R. S.), the board of audit of the town had a meeting, and, after transacting all the business before the board, adjourned without day. The board of audit did not again meet to audit and settle charges against the town until the first Tuesday of December, 1879, when it

did not act upon the plaintiff's claim. It further appears that on Saturday, the 29th day of March, 1879, the plaintiff filed in the office of the town clerk of the town, to be laid before the board, his claim in relation to the illegal tax, which was all the claim ever presented by him against the town. On the 5th of January, 1880, this action was commenced.

Now, upon these admitted facts, it is clear to our minds that this action cannot be maintained, by reason of the failure of the plaintiff to comply with the statute applicable to his case. That the claim was one included within this statute, seems to us too plain for discussion. The language of the provision, it will be noticed, is quite unlike that in the city charter which was considered in *Kelley v. City of Madison*, 43 Wis., 638. And the provision requires that the claim should be filed with the town clerk in time, so·that the board of audit can have an opportunity to act upon it, and then no suit can be brought upon the claim until ten days after the town meeting next following the action of the auditing board. The obvious meaning and intent of the provision are that both the board of audit and ˙the electors at the town meeting shall have an opportunity to settle claims against the town and avoid costs and litigation. That this is the object of the statute is very manifest. If the board of audit disallows the claim, *it* becomes the duty of such board to report upon the same to the next town meeting, giving the electors an opportunity to review their action. The electors may allow the claim and authorize it to be paid.

The learned counsel for the plaintiff insisted that section 824 did not apply to an action brought under section 1164 to recover a tax illegally assessed and collected. We have already intimated a contrary view. See *Sheel v. City of Appleton*, 49 Wis., 125; *Benton v. City of Milwaukee*, 50 Wis., 368. The former section embraces all claims and causes of action against the town "for which a money judgment only is demandable." That certainly is this case. But it is said, under

this construction, it is within the power of the town officers, by delaying the collection of the illegal tax, to defeat the action entirely, because it must be brought within one year after the payment and not thereafter. Section 1164. But we do not think that any such serious consequences will follow from our decision in any case. At all events, it is sufficient now to say that the plaintiff had an ample opportunity to comply with the requirements of the statute.

It follows from these views that the judgment of the circuit court must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*—So ordered.