BENWARE and another vs. THE TOWN OF PINE VALLEY.

*November 12 — November 22, 1881.*

HIGHWAYS: PLEADING. *(1) Complaint for injury from defective highway: how omission to aver filing of statement with clerk reached.* NONSUIT. *(2) When dismissal of complaint treated as a nonsuit.*

1. In an action against a town for injuries from a defective highway, a complaint is fatally defective unless it alleges that the statement required by sec. 824, R. S., has been filed with the town clerk, as well as that the notice required by sec. 1339 has been given; and such defect may be reached by a general objection at the trial to the admission of any evidence under the complaint. *Sheel v. Appleton*, 49 Wis., 125, and *Benton v. Milwaukee*, 50 id., 368, distinguished.

2. Where the court refuses to admit any evidence under the complaint, and thereupon enters a judgment dismissing it, and for costs in defendant's favor, this must be regarded as a judgment of nonsuit, and is no bar to another action for the same cause.

APPEAL from the Circuit Court for *Clark* County.

This is an action by husband and wife to recover damages for personal injury to the wife, alleged to have been caused by a defect in a sidewalk in an unincorporated village of the defendant town. The answer was a general denial, except as to certain formal parts of the complaint. On the trial the defendant's objection to any evidence under the complaint

was sustained by the court, and judgment was thereupon rendered against the plaintiffs, from which they appealed. The case is further stated in the opinion.

For the appellants there was a brief by *R. J. MacBride* and *B. F. French*, and oral argument by *Mr. MacBride*.

The cause was submitted for the respondent on the brief of *James O'Neill* and *J. R. Sturdevant*.

CASSODAY, J. The giving of the notice of the injury, and of the time and place where it occurred, is alleged in the complaint, as required by section 1339, R. S. In addition to such notice, the statute also provides that "no action upon any claim or cause of action for which a money judgment only is demandable, shall be maintained against any town, unless a statement of such claim shall have been filed with the town clerk, to be laid before the town board of audit, nor until ten days after the next annual town meeting thereafter." Section 824, R. S.

Is this section applicable to the case at bar? It first made its appearance in the present revision. The reasons given by the revisers for its adoption are stated thus: "New section, to enable towns to have the opportunity to exercise the power conferred on them at town meetings to vote to settle claims. It is similar to the provision in favor of counties, and is necessary to enable towns to save needless costs, and often to avoid being forced into litigation which they might by judicious action escape." Revisers' Notes, 71. With that construction placed upon it in advance by the revisers, it was adopted by the legislature. The construction recently placed upon this section by this court is in strict harmony with that given by the revisers. *Wright v. Town of Merrimac*, 52 Wis., 466. As the language of that section is substantially like section 676, R. S., the opinion in *Wright v. Town of Merrimac* may, on casual reading, appear to be inconsistent with *Stringham v. Winnebago Co.*, 24 Wis., 594, and *Kellogg v. Winnebago Co.*, 42

Wis., 97; but by reference to section 42, ch. 13, R. S. 1858, it will appear that the statute under which they were made was essentially different from what it is now. By the revision the section was "amended to embrace every case of a money demand upon the county, including claims for unliquidated damages, as well as all others." Revisers' Notes, 61. The section requiring such statement to be filed with the town clerk being applicable to the case before us, the question occurs whether it is essential, to maintain the action, that the fact of such filing should have been alleged in the complaint, or whether it was mere matter of proof.

In *Susenguth v. Town of Rantoul*, 48 Wis., 334, it was held that the notice of injury required by section 1339 must be alleged in the complaint; and a general demurrer to a complaint not containing such allegation was there sustained. The reasoning of that case, though under a different statute, seems to be equally applicable, as the language of the two sections in that regard is in effect the same. See also *Plum v. Fond du Lac*, 51 Wis., 393. We therefore hold that the complaint in this action against the town for injury by reason of the insufficiency of the sidewalk is fatally defective, because it does not allege that the statement required by section 824, R. S., had been filed with the town clerk, and that such defect may be reached by objecting to all evidence under the complaint at the trial. This decision may not be in strict harmony with all that is said in the opinions in *Sheel v. Appleton*, 49 Wis., 125, and *Benton v. Milwaukee*, 50 Wis., 368; but the question in each of those cases was, whether the circuit court could get jurisdiction at all, except through and by virtue of an appeal from the determination of the common council, and it was, in effect, held that it might by consent of both parties; that is to say, where the action is brought originally in the circuit court, and no objection is made on the part of the defendant by demurrer or answer, none should be entertained at the trial. Had not the complaint in this action been defective

in the particular mentioned, it probably would have been held to state a good cause of action; within the principles of *James v. Portage*, 48 Wis., 677; *Johnson v. Milwaukee*, 46 Wis., 568; *Potter v. Town of Castleton*, 53 Vt., 435. This being so, we have had some doubt as to whether we should affirm the judgment or reverse it so as to allow the plaintiff to amend his complaint. But the judgment here must be regarded as strictly a judgment of nonsuit, and this court has held that such a judgment, whether voluntary or involuntary, is no bar to another action for the same cause. *Gummer v. Omro*, 50 Wis., 247.

This being so, and for the reasons given, the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.