## FLEMING vs. THE CITY OF APPLETON.

*April 5 — May 10, 1882.*

CITY CHARTER: TIME FOR APPEAL. *(1) Time limited by permissive language. (2) Limit of time for appealing from decision of council.*

1. Where a city charter provides that, upon the disallowance by the council of a claim against the city, the claimant *may* appeal from the decision to the circuit court within a time named, there can be no appeal after that time.

2. Under defendant's charter, neglect of the council to act upon a claim for sixty days after the same is duly filed, is equivalent to a disallowance of the claim; and the thirty days' limitation for an appeal begins to run from the expiration of the sixty days.

APPEAL from the Circuit Court for *Outagamie* County. On the 24th of May, 1881, *Fleming* presented to the clerk of the city of Appleton his verified petition, addressed to the mayor and common council of that city, claiming $1,250 damages for an injury alleged to have happened by reason of the insufficiency or want of repair of a certain bridge or highway in that city; and he therein demanded payment of the claim. At a meeting of the common council, May 25, 1881, the city clerk presented and read said petition, and it was on motion referred to the city attorney, who never made any report or took any further action thereon. On the 17th of September, 1881, *Fleming* in form appealed from the non-action of the common council to the circuit court; and the return of the city clerk to that court was made and filed therein September 25, 1881. At the November term of said court in 1881, the city clerk moved to dismiss the appeal, for the reason that the notice thereof had not been served within the time allowed by law, and that the court had no jurisdiction of the case. On the 21st of November, 1881, after hearing the attorneys for the respective parties, the court dismissed the appeal; and *Fleming* appealed from the order.

*W. J. Allen,* for the appellant.

*Samuel Boyd,* for the respondent.

CASSODAY, J.   The determination of this appeal must depend upon the construction to be given to the provisions of the charter of the city of Appleton.   The charter provides that "no action shall be maintained by any person against the city, upon any claims or demands of any kind whatsoever, whether arising from contract or otherwise, until such person shall first have presented such claim or demand to the common council for allowance," except upon city orders duly issued after payment had been duly demanded.   Section 25, subch. 5, of ch. 47, Laws of 1876.   Section 26 of the same subchapter provides that "the determination of the common council, disallowing in whole or in part any claim of any person, shall be final and conclusive, and a perpetual bar to any action in any court founded on such claim, except that such person may appeal to the circuit court, as provided in section 27 of this chapter."   Section 27 provides that "in case any person shall present his claim or demand to the common council, and the said council shall disallow the said claim in whole or in part, the said council shall not thereafter entertain such claim again, and such claimant, if he desires, may prosecute his said claim by appeal to the circuit court, and not otherwise."   Section 28 provides that "when any claim, duly verified, shall be presented to the city clerk, and the common council shall neglect or refuse to allow or disallow the same for sixty days thereafter, it shall be deemed and taken to be disallowed, and the owner or holder thereof shall have the right to appeal as in case of a disallowed claim."

Here the claim was presented to the city clerk May 24, 1881, and it is very clear, under this section, that the neglect or refusal to allow or disallow the same for sixty days thereafter must be deemed and taken to be a disallowance of the claim. Such being the provisions of the charter, it is evident that the petitioner's "right to appeal as in case of a disallowed claim" accrued and was complete on the 25th day of July, 1881.   This being so, the only remaining question is whether

the appeal was taken in time. In addition to the words quoted, section 28 provides: "When any claim of any person against the city shall be disallowed in whole or in part by the common council, such person may appeal from the decision of the council disallowing such claim to the circuit court, . . . by causing a written notice of such appeal to be served on the clerk of said city within thirty days after the making of such decision." Here the appeal, instead of being taken within thirty days after the time when the claim, under the statute, must be deemed and taken to have been disallowed, was not taken until fifty-four days thereafter. The contention is, that section 28 prescribes the "manner" of taking appeals, and simply limits the time within which the right may be exercised in case of disallowance in whole or in part by affirmative action of the council, but leaves it unlimited in case the disallowance is the result of non-action of the council. But, under the charter, non-action upon the claim for sixty days after its presentation is as much a decision of disallowance as an affirmative vote to that effect. The failure during such period to allow in whole or in part was, by force of the statute, a determination of disallowance, from which an appeal could be taken. But the word "may" in the section applies to the time as well as the manner, and hence if the section prescribes the manner in which *all* such appeals must be taken, it must also necessarily prescribe the time within which all such appeals must be taken. Of course no one is obliged to appeal. He "may" or "may" not, at his option. We must, therefore, hold that when the statute declares that "such person may appeal" in the manner prescribed "within thirty days after the making of such decision," it does, by necessary implication, prohibit such appeal after the expiration of that period.

*By the Court.*—The order of the circuit court is affirmed.