THE CHICAGO & NORTHWESTERN RAILWAY COMPANY vs. THE TOWN OF LANGLADE.

*April 7 — May 10, 1882.*

CLAIMS AGAINST TOWNS: PLEADING. *When complaint must show filing of claim with town clerk.*

1. Where a claim against a town is one " for which a money judgment only is demandable," the complaint thereon is bad, *on general demurrer*, if it fails to allege the filing of a statement of such claim with the town clerk as required by sec. 824, R. S.
2. A claim to recover back the amount of a tax unlawfully exacted and actually paid, is within the provisions of said sec. 824; and in an action thereon, a further demand that the tax be declared unlawful, and that the defendant town be enjoined from ever enforcing the same, is without significance or effect.

APPEAL from the Circuit Court for *Shawano* County.

Plaintiff appealed from an order of the court sustaining a general demurrer to the complaint.

For the appellant there was a brief by *Lamb & Jones,* and oral argument by *Mr. Lamb.*

The cause was submitted for the respondent on the brief of *G. W. Washburn.*

COLE, C. J. The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action. On the argument two points are relied on in support of this general objection: (1) that there is no allegation that a statement of the claim had been filed with the town clerk to be laid before the town board of audit as required by section 824, R. S.; and (2) that the complaint fails to show that the taxes in question were paid under either protest or duress. We think the first point must be held good under the decisions of this court, in *Susenguth v. Town of Rantoul,* 48 Wis., 334; *Plum v. City of Fond du Lac,* 50 Wis., 393; *Wright v. Town of Merrimack,* 52 Wis., 466; *Benware v. Town of Pine Valley,* 53 Wis., 527. It is true, the question in the above cases did not always arise upon the record in the same way as in this case, nor under the same section of the statute; but the principle decided in all of them is strictly applicable to the point we are considering.

In the *Susenguth Case* the complaint was held bad on general demurrer for want of an averment that notice of the injury had been given the town authorities. The giving of such a notice was said to be in the nature of a condition precedent to the right to sue the town for damages caused by a defective highway. In the *Plum Case* the complaint alleged that a proper notice was given; but the plaintiff failed to make proof of the fact as a part of his case. This court held that the motion for a nonsuit should have been granted on account of the failure to make that proof. In the *Wright Case* the defense was set up in the answer, that the plaintiff had not complied with section 824, and in the statement of facts it was admitted that this was so. This court

held that there could be no recovery of the taxes illegally exacted. In the *Benware Case* objection was taken on the trial to the admission of any evidence under the complaint. The objection was sustained, and the complaint dismissed. This court affirmed the judgment, holding that the complaint · was fatally defective because it did not allege that a statement of the claim had been filed with the town clerk to be laid before the town board of audit. Now it is very apparent that this complaint cannot be held good without in effect overruling the above cases, which we think were correctly decided.

The learned counsel for the plaintiff insists that as the demurrer was on the sole ground that the complaint did not state facts sufficient to constitute a cause of action, this specific objection, that no statement of the claim had been filed, etc., did not arise and should not be considered. But we have no doubt but advantage can be taken of the omission to allege that fact on this general demurrer. The statute expressly declares that no action upon any claim or cause of action, for which a money judgment only is demandable, shall be maintained against any town unless a statement of such claim shall have been filed with the town clerk to be laid before the town board of audit, etc. Filing a statement of the claim with the clerk is a restriction upon, or a condition annexed to, the right to sue; therefore, it is essential the plaintiff should show in his complaint a compliance with the condition. The language is: "No action upon any claim . . . shall be maintained . . . unless," etc. It is analogous to the provision which permits a person to bring a suit in this court on a claim against the state upon the refusal of the legislature to allow it. He must allege the presentation of his claim to the legislature for its action, as that is a condition precedent to his right to bring a suit.

The same counsel argued that section 824 should not be construed as including a claim to recover an unlawful tax

exacted, but that, on account of the nature of the questions involved, the decisions in *Stringham v. Supervisors*, 24 Wis., 594, and *Kellogg v. Supervisors*, 42 Wis., 97, should be followed. In the *Benware Case* the difference between the statute under which those decisions were made and section 824 is referred to. We do not well perceive how this claim can be withdrawn from the operation of the above provision without interpolating an exception which the legislature did not see fit to enact. *Jus dare*, to make the law, is the province of the legislature; *jus dicere*, to declare the law, is the province of the court. But the counsel further insisted that filing a statement was a prerequisite to maintaining an action only in cases where a money judgment only was demanded. And he said that in this case other relief was sought than a money judgment, and consequently the provision did not apply. But the plain object of this action is to recover the amount of the illegal taxes which the plaintiff was compelled to pay the treasurer of the defendant town. It is true, the plaintiff prays that these taxes be adjudged void, and that the defendant be enjoined from ever enforcing the same against the plaintiff. The court would necessarily adjudge the taxes void when it decided that the plaintiff was entitled to recover them of the defendant town; and the mere fact that the plaintiff asked that the defendant be enjoined from ever enforcing the collection of the same against the plaintiff, is a meaningless clause in the connection in which it is used. It cannot have the effect to take the case out of the operation of the statute. The real purpose and object of the suit will be entirely accomplished when the plaintiff has judgment for $4,138.48, interest and costs; and the money is made on the judgment. Any other relief which could possibly be given in the action would be unnecessary.

Counsel further insisted that there was an irreconcilable conflict between section 824 and section 1164, which affected

the question we are considering. The latter section bars an action to recover unlawful taxes paid before the revision took effect, unless the same was brought before the first of April, 1879; while section 824 imperatively requires that the action shall not be brought until at least ten days after the first of April. But we need not trouble ourselves about this conflict in the two provisions, nor determine which would govern in an action to recover back taxes paid before November 1, 1878. It is sufficient to say that in this case the taxes were paid in January, 1880, and the plaintiff had ample opportunity to comply with section 824 by filing a statement of its claim with the clerk.

What has been said on the first point renders it quite unnecessary to consider the question whether the complaint shows that the taxes were voluntarily paid, so that an action to recover them back could not be maintained. The law upon that subject is fully stated in the recent case of *Parcher v. Marathon County*, 52 Wis., 388. We therefore shall not even refer to that portion of the complaint which states the circumstances under which the tax was paid. We affirm the order sustaining the demurrer solely on the ground that the first objection taken to the complaint is fatal.

*By the Court.*— The order of the circuit court is affirmed.