LOCKHART vs. FESSENICH.

*October 27 — November 20, 1883.*

*(1) Statute of limitations must be pleaded. (2) Evidence in action for balance due on accounting. (3) Special verdict, when must be requested.*

1. Although the lapse of the time fixed by the statute of limitations does not merely bar the remedy, but extinguishes the right, the statute must be pleaded, or the benefit thereof will be waived.

2. In an action to recover the balance due upon an accounting and settlement, where the answer, besides a general denial, alleges payment in full of all demands before the alleged accounting, evidence is admissible of the loss of a note which had been pledged to the plaintiff and which, if not lost, he would be bound to pro-

Lockhart vs. Fessenich.

duce and deliver up as a condition of a recovery. And evidence that the defendant had received payment in full of such note is also admissible as tending to disprove any claim that the plaintiff had been paid by means of money collected thereon.

3. A request for a special verdict made after the close of the testimony and after the plaintiff's counsel had commenced his argument to the jury and had been talking about twenty minutes, came too late, and its refusal was not error. Sec. 2858, R. S.

APPEAL from the Circuit Court for *Door* County.

The facts sufficiently appear from the opinion. There was a verdict for the plaintiff for $57.04, and from the judgment entered thereon the defendant appealed.

For the appellant there was a brief by *F. J. Hamilton*, as attorney, and *Timlin & Manseau*, of counsel, and the cause was argued orally by *E. P. Vilas.*

For the respondent there was a brief by *O. E. & Y. V. Dreutzer*, and oral argument by *Mr. O. E. Dreutzer.*

COLE, C. J. The answer in this case does not set up the statute of limitations as a defense to the claim of the plaintiff or any part of it. Any discussion, therefore, as to whether or not the statute did bar any of the items in the plaintiff's account which were due more than six years prior to the alleged settlement in December, 1881, is quite foreign to the case, for no such defense is made or set up in the answer, as it surely must be in order to be available. It is suggested on the brief of defendant's counsel that inasmuch as this court has held that the statute of limitations not merely bars the remedy, but extinguishes the right of action, the statute need not be pleaded. We do not so understand the law. We suppose it is necessary, if a party relies on the bar of the statute, that he should set it up in his pleading. A party may waive the benefit of the statute, and he is deemed to do so unless he pleads it. Without intending to disturb the decisions in *Brown v. Parker*, 28 Wis., 21; *Carpenter v. State*, 41 Wis., 41; *Pierce v. Seymour*, 52 Wis., 272;

and other cases referred to by counsel, we adhere to the well-established rule that a party relying on the statute of limitations must plead it or he cannot avail himself of that defense.

The action was to recover the amount found due on the settlement of accounts. The plaintiff claims that a balance was found due him on such settlement, which he seeks to recover. The answer contains a general denial, and further alleges that before the commencement of the suit, and before the alleged accounting and settlement set forth in the complaint, the defendant had satisfied and discharged by payment every claim existing in favor of the plaintiff and against him. This was the issue made by the pleadings. On the trial each party gave evidence in support of his contention. The circuit court directed the jury that unless they were satisfied by a fair preponderance of evidence that there was an accounting and settlement, as plaintiff claimed, he could not recover. Under the charge the jury must have found that there was a settlement, and that the amount found due the plaintiff was $57.04. We cannot disturb the finding, because it is sustained by considerable testimony given on the part of the plaintiff. True, that testimony is denied by the defendant and his son. But the credibility of the witnesses was a matter for the jury to weigh and determine.

A number of exceptions were taken to the rulings of the court on the trial. It is said the court erred in admitting in evidence the deposition of Mr. Markham, and also in admitting evidence tending to show that the defendant had received payment in full of the Amend note, which had been turned over, pledged, or sold to the plaintiff. We think there was no error in these rulings. The deposition of Mr. Markham accounted for the note, which, if it had not been lost, the plaintiff would have been required to produce in court and deliver up to the defendant as a condition to his

recovery. The other testimony objected to tended to disprove any claim that the plaintiff might have been paid by means of money collected on this note.

Again, it is said the court should have submitted to the jury a special verdict, as requested by the defendant. On this point the bill of exceptions states that plaintiff's attorney had commenced his argument and had been talking about twenty minutes when the counsel for the defendant moved the court to submit a special verdict to the jury, which motion was denied. The request came too late. The statute provides that the court, in its discretion, may, and when either party, at or before the close of the testimony and *before any argument to the jury is made or waived,* shall so request, shall direct the jury to find a special verdict. Sec. 2858, R. S. It is clear that the request must be made at or before the close of the testimony and before any argument to the jury is made. This is the plain reading of the statute.

The instructions asked by the defendant were properly refused, because they were founded on the statute of limitations, which was not in the case for the reasons already given. We see no error in the general charge of which the defendant can complain, and the judgment is therefore affirmed.

*By the Court.*— Judgment affirmed.