## DOYLE vs. GILL.

*January 29 — February 19, 1884.*

APPEAL TO S. C.    *(1) When exceptions necessary.*
SCHOOL DISTRICTS.    *(2) Fuel: Payment of unauthorized order.*

1. No exception need be taken to an order denying a new trial.
2. The authority to provide fuel for a school district is conferred upon the district *board.* Sec. 435, R. S. And where the board has taken no action on the inspection and acceptance of fuel furnished under a contract with it, the treasurer, if he has not been consulted on the subject, is not bound to pay an order for the contract price, though such order is signed by the clerk and countersigned by the director of the district.

APPEAL from the Circuit Court for *Grant* County.

Action upon a school district order for $17, signed by the clerk and countersigned by the director of joint school district No. 7, of the towns of Hazel Green and Benton. The facts sufficiently appear from the opinion. The defendant appealed from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Carter & Cleary,* and oral argument by *Mr. Carter.*

For the respondent there was a brief by *A. W. & W. E. Bell,* and oral argument by *Mr. A. W. Bell.*

ORTON, J. The plaintiff had contracted with the school district board to sell and deliver at a place designated, for the use of the school, four cords of wood of good quality, and had delivered the same, as he claimed, in compliance with the contract. The wood had not been examined as to quality, or measured as to quantity, by the district board, or any one of them. The clerk of the district made out and signed an order upon the defendant as the district treasurer, for the sum of $17, as the agreed price of the wood to be so delivered, and gave it to the plaintiff, and he then took the order to the district director and he countersigned it. It

Doyle vs. Gill.

was then presented to the defendant, as district treasurer, for payment. There had never been any meeting of the board to pass upon the claim or to accept the wood, or to determine its quality or measurement, and the defendant had never inspected the wood or sanctioned the allowance or payment of the claim, but had heard that the wood was insufficient in quality, and he therefore declined to pay the order, giving his reasons therefor,— that he had not been consulted as to the acceptance of the wood or the allowance of the claim, and he wished to learn more about it, and to see the clerk and director about it, and then he would see about paying the order on the next day. While the defendant was on his way to see the other members of the board and consult with them about the claim, the summons in this suit was served upon him. The action is brought upon the order and its non-acceptance or nonpayment by the defendant as district treasurer. On these facts the jury rendered a verdict against the defendant for the amount of the order. There was a motion for a nonsuit on the case made by the plaintiff, which showed substantially the above facts, and a motion for a new trial.

The learned counsel of the respondent contends that the ruling of the court on the motion for a new trial cannot be reviewed, because no exception was taken to the order overruling the motion. No exception to such an order is necessary. Sec. 3070, R. S.

It is very clear that no recovery should have been allowed upon the order against the defendant on the above facts. The consideration of the order was supposed to be the contract price of fuel purchased for the district, and was executed only, if at all, by the proper delivery and acceptance of the wood. No order could have been lawfully issued or drawn by the clerk, and countersigned by the director for such purpose until a delivery of the wood of the proper quality and measurement. This would neces-

sarily involve the action of the district board in inspecting the quality and in determining the quantity of the wood so delivered, and until this had been done the clerk had no authority to issue an order on the district treasurer for the payment of the money. The acceptance of the wood by the board was a condition precedent to the issuing of the order. " The director, treasurer, and clerk shall constitute the district board." Sec. 432, R. S.

The duty to provide the necessary fuel for the school, out of the moneys raised for that purpose by the vote of the inhabitants of the district, is imposed upon the board by sec. 435, R. S., for the purpose of keeping " the school-house in *good condition* " or as a " necessary appendage to the schoolhouse." This authority is either conferred on the district board by this section or it is not conferred at all, for it is certainly not conferred upon any officer of the district. The district board never acted on the inspection, measurement, and acceptance of the wood so delivered by the plaintiff. The board never had a meeting or any joint action in reference thereto. The wood had not been inspected or measured by any one of the board. Two of the board might have acted at any meeting for that purpose, duly called, after proper notice to all the members of the board. The law requires the action of all the members if present, and all must be notified to be present. *U. B. Church of New London v. Vandusen*, 37 Wis., 54. Everything that was done by the clerk or director in acceptance of the wood, if anything was done to that effect, was by their individual and separate action. The order was drawn and signed by the clerk, and then carried to the director, who was elsewhere, to be countersigned by him. The defendant was never consulted on the subject or notified of any action by the board or any of its members in reference to the matter. He had a legal right to be consulted about the acceptance of the wood, for he was as much responsible in relation to it as the other two

members of the board. He knew that the order had been issued unlawfully, and he had a right to refuse to honor it. He is required to keep a record of the *objects* of all orders he pays or for which any money in his hands as treasurer has been paid. Sec. 444. He made a condition of his acceptance and payment of the order, that he should have time to inquire into the consideration and ascertain whether the wood had been delivered according to the contract, as he had a legal right to do before paying out the moneys of the district. It was most reasonable that he should decline to pay the order until he could do this, but the plaintiff would not consent to this, and commenced his suit immediately. The defendant had a legal right, as one of the board, to ascertain whether the contract of the plaintiff had been complied with before payment. This is the vital question in the case, and on which depends the plaintiff's right of recovery in this suit. If the plaintiff had sued the district he might, perhaps, have proved that he had complied with his contract, whether the board had accepted the wood or not, but his right to an order upon the treasurer for the amount is a different thing. Such claims must have been properly allowed by the board before the clerk could issue an order upon the treasurer for the contract price.

Without further reasoning upon the question, we deem the statute sufficient direction to the board upon such a claim, and it is evident from the statute that the consideration had never been complete so as to form the basis of such an order, and the defendant, as treasurer of the district, and as one of the district board, had a right, at the time, to refuse payment. This decision goes to the right of recovery upon the order upon that presentation of it, and therefore we hold that a nonsuit should have been entered upon the motion of the appellant's counsel. For, as we said before, the case made by the plaintiff showed substantially the facts upon which

the right of refusal by the defendant to pay the order depended.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.