Watson vs. The City of Appleton.

WATSON vs. THE CITY OF APPLETON.

*January 16 — February 3, 1885.*

City charter — Time for appeal — Bar to action — Waiver — Pleading — Sufficiency of complaint — Res adjudicata — Demurrer ore tenus.

1. A provision of a city charter that the disallowance of a claim by the common council shall be "final and conclusive, and a perpetual bar to any action in any court founded on such claim," except that the claimant may appeal within a certain time to the circuit court, operates, unless waived, as an extinguishment of the claim if no appeal is taken within the time limited.

2. If an appeal from the determination of the common council is taken within the time limited, the complaint in the circuit court should show that the plaintiff has the right, or has not waived the right, to maintain the action in that forum.

3. Notwithstanding a general demurrer to the complaint has been overruled, the court may, upon objection at the trial, exclude all evidence under such complaint.

Watson vs. The City of Appleton.

APPEAL from the Circuit Court for *Outagamie* County. The case is thus stated by Mr. Justice CASSODAY:

" This action was commenced in the circuit court May 18, 1881, for personal injury sustained by the plaintiff March 12, 1879, by reason of a defective sidewalk in the defendant city. The complaint is in the usual form, and, among other things, alleges that on March 14, 1879, the alderman of the ward in which the accident occurred, the mayor and clerk of the city, each received personal notice of the accident and injury received; that on June 7, 1879, the plaintiff duly filed her claim or demand against the city for the damages she had thereby sustained, in the office of said city clerk, and duly presented the same to the common council for allowance; that said common council then did, and ever since said time has, and still does, refuse to allow said claim or take any action thereon.

" The defendant demurred on the grounds (1) that the court had no jurisdiction of the person of the defendant or the subject of the action; (2) that the complaint did not state facts sufficient to constitute a cause of action; (3) that the action was not commenced within the time limited by law. The demurrer was overruled, with leave to answer. The defendant then, among other things, answered in effect the plaintiff's legal incapacity to bring the action in the circuit court, by reason of her failure to comply with subch. 5, ch. 47, Laws of 1876. On the trial the defendant objected to any evidence under the complaint, which objection was sustained, and the plaintiff excepted. From the judgment of nonsuit entered thereon, the plaintiff appeals."

The cause was submitted for the appellant on the brief of *Finch & Barber*, and for the respondent on that of *Samuel Boyd*.

For the appellant it was contended, *inter alia*, that the failure to appeal simply deprived the claimant of her legal capacity to sue. *Sheel v. Appleton*, 49 Wis. 125; *Benton v.*

*Milwaukee,* 50 id. 372; *Bradley v. Eau Claire,* 56 id. 172. The defect appeared upon the face of the complaint but the defendant did not demur upon that ground. That objection was therefore waived. R. S. sec. 2654; *Moir v. Dodson,* 14 Wis. 279; *Vincent v. Starks,* 45 id. 462; *Cord v. Hirsch,* 17 id. 408; *Smith v. Peckham,* 39 id. 414; *Manseau v. Mueller,* 45 id. 430; *State ex rel. Cornish v. Tuttle,* 53 id. 52.

CASSODAY, J. In *Sheel v. Appleton,* 49 Wis. 125, the plaintiff's claim was never presented to the common council, and, of course, never allowed nor disallowed. In that case there was no question made on the pleadings, and no exception taken to the admission or exclusion of any evidence. The only errors assigned in the printed brief related to the charge of the court and the refusal to give certain instructions. On the oral argument it was urged for the first time that the circuit court had no jurisdiction, by reason of the failure of the plaintiffs to present their claim to the common council of the city. This court held that the charter did not undertake to deprive the circuit court of jurisdiction, but only to regulate the method by which that court should acquire such jurisdiction, and that the defendant had waived all objection to the non-presentation of the claim by joining issue and trying the case upon the merits without objection. None of the questions involved in that case are here presented, and hence the two cases are clearly distinguishable. The waiver in that case was grounded upon the same theory as a waiver of the right of the statute of limitations by failing to plead it, as in *Lockhart v. Fessenich,* 58 Wis. 588.

The several provisions of the city charter here involved were considered in *Fleming v. Appleton,* 55 Wis. 90. As there held, the neglect or refusal of the common council to act upon the plaintiff's claim for sixty days after it was presented, must be deemed and taken to be a disallowance of the claim. The claim having been presented June 7, 1879, it is evident

that the sixty days expired August 6, 1879.   Sec. 28, subch. 5, ch. 47, Laws of 1876.   At that time the right to appeal to the circuit court, as in case of a disallowed claim, accrued and was complete.   *Ibid.*   That right continued for only thirty days thereafter, and hence expired September 6, 1879. Id. secs. 27, 28.   No appeal having been taken, the charter made such disallowance after September 6, 1879, "final and conclusive, and a perpetual bar to any action in any court founded on such claim."   Id. sec. 26.   This is the effect of the decision cited.   Such finality and conclusiveness, and such statutory bar necessarily operated as an extinguishment of the plaintiff's claim, unless it was waived.   *Pierce v. Seymour*, 52 Wis. 272; *Lockhart v. Fessenich*, 58 Wis. 588.   Here it was not waived.   After the plaintiff's claim had thus been extinguished for more than a year and a half, this action was commenced in the circuit court, and the question is, Can it be maintained, notwithstanding this provision of the charter set up in the answer to the contrary?

It is urged that the order overruling the written demurrer was an adjudication to the effect that the complaint was sufficient upon its face, and hence is *res adjudicata* in this action.   Had the defendant declined to answer, and judgment been entered in favor of the plaintiff on the demurrer, and then the defendant had appealed from such judgment, there would have been no doubt but what the order on the demurrer would have been reviewable under the express provisions of the statutes, and without any exception having been taken thereto.   Secs. 2872, 3070, R. S.; *Armstrong v. Gibson*, 31 Wis. 61; *Hackett v. Carter*, 38 Wis. 400; *Schattschneider v. Johnson*, 39 Wis. 387; *Moritz v. Splitt*, 55 Wis. 441; *Doyle v. Gill*, 59 Wis. 518.   The same would have been true had the court sustained the written demurrer, and the plaintiff had declined to amend, and judgment had been in favor of the defendant on the demurrer, and then the plaintiff had appealed from such judgment to this court.

*Ibid.* Is the question here presented essentially any different? The answer having set up the bar prescribed in the charter, the trial court, with the whole record before it, and upon an objection to any evidence, in effect set aside the order previously made by the same court upon the face of the complaint, and excluded all evidence, and granted a judgment of nonsuit. It seems to us that the last determination of the court below, made upon the demurrer *ore tenus*, was correct, and that it was not precluded from making it by reason of the former ruling upon the written demurrer.

In *Hackett v. Carter*, 38 Wis. 400, the demurrer to the original complaint for improperly uniting two causes of action was overruled, and no appeal taken from the order. The complaint being then amended in other respects, continued to improperly unite the two causes of action; and the defendant demurred thereto, in part upon the same ground. From an order overruling this last demurrer, the defendant appealed to this court, and upon that appeal it was urged, as it is here, that no appeal having been taken from the order overruling the first demurrer, the question thereby determined was *res adjudicata*. But the court held that by reason of the statute the doctrine of *res adjudicata* had no application. In fact, that decision was put on the ground that the court would have been compelled to so decide had judgment been taken in favor of the plaintiff, and the defendant had appealed therefrom instead of appealing from the order.

When the non-action of the common council had worked a disallowance of the plaintiff's claim, she should have taken her appeal to the circuit court within the time prescribed by the charter; and then the complaint filed therein should have alleged the facts made requisite by the charter to give that court jurisdiction, or rather to show that the plaintiff had the right, or had not waived the right, to maintain her

action in that forum.   This would·have been in conformity with the rules of pleading in ordinary actions for injury by reason of defective highways, requiring the complaint to show that the conditions named in secs. 824, 1339, R. S., had been complied with.   *Wright v. Merrimack*, 52 Wis. 466; *Benware v. Pine Valley*, 53 Wis. 527; *C., M. & St. P. R'y Co. v. State*, 53 Wis. 509; *C. & N. W. R'y Co. v. Langlade*, 55 Wis. 116; *Weisenberg v. Winneconne*, 56 Wis. 667; *Wentworth v. Summit*, 60 Wis. 281.

As it appears from the record that the plaintiff's right to bring this action had been barred by the charter before this action was commenced, the judgment of the circuit court is affirmed.

*By the. Court.*— Judgment affirmed.