6] JANUARY TERM, 1923. 109

State ex rel. Van Straten v. Milquet, 180 Wis. 109.

---

STATE EX REL. VAN STRATEN, Respondent, vs. MILQUET, School District Treasurer, Appellant.

*February 7—March 6, 1923.*

*School districts: Quasi-public corporations: Source and extent of powers: Contracts for transportation of pupils to private schools: Validity: Order issued without authority of school board.*

1. The school districts which the legislature is required to establish by sec. 3, art. X, Const., are *quasi*-public corporations, and have only the powers given them by statute and such implied powers as are necessary to execute the powers expressly given.
2. The officers of a school district must act within the limitation of their statutory authority, and where they are by statute required to act in a specified manner they must conform to the statutory requirements.

3. Where the minutes of a meeting of the electors of a school district at which it was decided to suspend all schools in the district as authorized by sub. (1) (c), sec. 40.16, Stats. 1921, stated that the county superintendent explained that if transportation were furnished to two children to attend the public schools the other children who attended a parochial school could ride in the conveyance and the contractor receive full pay, and the contract recited that the district was to furnish free transportation to all of the children of school age in the district to a city, and omitted the provision of a former contract that transportation bills would not be allowed for transportation of pupils not attending the public schools, it was manifest that the transportation provided for by the contract was not limited or intended to be limited to the transportation of children who desired to attend the public schools, who, according to the evidence, numbered only two out of the twenty-seven transported by the contractor.

4. Under the provisions of sec. 3, art. X, Const. (requiring the establishment of district schools which shall be free to all children and in which no sectarian education shall be allowed), the provision of sub. (1) (c), sec. 40.16, Stats. 1921, authorizing a district in which schools have been suspended to provide transportation to and from the school for all children residing more than one mile from the nearest school, must be limited, as is the provision of the same section for the payment of tuition, to the attendants at public schools in another district, and does not authorize the district to provide free transportation for children who desire to attend private schools; and the fact that two of the children transported by the contractor were attendants at the public schools does not save the contract.

5. The orders for payment of relator's claim for two months' services, although issued by the clerk and countersigned by the director, were not authorized by the school board, and the defendant as treasurer was not bound to honor them.

Appeal from a judgment of the circuit court for Brown county: Henry Graass, Circuit Judge. *Reversed.*

*Mandamus.* The defendant is treasurer of school district No. 2 of the town of De Pere, Brown county. In 1921, at the annual school meeting, the electors of that district voted not to hold school. In that situation the school board entered into a contract with one Al De Cleene to transport the children to an adjoining public school, the contract con-

taining a provision that no bills would be audited or paid for transporting children to any other than a public school. Shortly after entering into the contract De Cleene died and his contract was continued by his brother.  A controversy then arose as to whether or not the district should pay for the transportation of children to a parochial school.  On October 14th a special school district meeting was held in an endeavor to settle the controversy.  At this meeting a resolution was adopted authorizing the payment of $89.75 to De Cleene, the amount due under his contract.  The resolution further provided:

"And the said school board is also hereby authorized and directed to enter into a contract for the transportation of the said children of school age in said district for the balance of the ensuing year from such point or points in said school district to such point or points in the city of De Pere, Wisconsin, as may be agreed upon, and that the said school board is hereby authorized and directed to pay out of the general fund of said school district such funds as may be necessary to properly compensate such person as may be so employed for the said purpose of transporting such children."

Pursuant to this resolution a contract was entered into with the relator by which it was agreed:

"That the said *Peter Van Straten* is to transport personally, or by an agent of suitable age and discretion, approved by the party of the first part, the following named persons of school age, residing in said school district No. 2, town of De Pere, Brown county, Wisconsin, regularly, promptly, and comfortably from their respective homes in said school district to the public school grounds located on the corner of George and Michigan streets, in the city of De Pere, Wisconsin, for a term of six months, beginning December 6, 1921, for a consideration of $90 per month, to be paid at the end of each month by order drawn upon the funds in the district treasury of said district."

Then follow the names of thirty pupils.  There were other provisions in the contract as to the route, time of

departure, etc., statement and consideration of which is not necessary to a determination of the issues raised in this case. The relator gave a bond and entered upon the performance of his contract and fully performed upon his part the terms of the contract.   The court found:

"That the said *Peter J. Van Straten* under his said contract conveyed a number of pupils from said district who attended the public school exclusively in the city of De Pere, and a number who attended the public school part of the time for domestic science and manual training, and attended the parochial school the balance of said time, and also some pupils who attended the parochial schools exclusively."

It appeared upon the trial that out of twenty-seven children actually carried two attended the public schools, the remainder going to the parochial school; four of the pupils attending the parochial school in the city of De Pere and transported by the relator were taking forty minutes each of domestic science and two were taking forty minutes each of manual training in the public schools.

After the relator had rendered services under the contract for two months the director and clerk issued two orders to the relator, but the defendant refused to pay the same, and this action was begun to compel the defendant, as treasurer of school district No. 2, to honor the orders drawn upon him by the director and clerk and pay the same from the funds of the district.   From the judgment in favor of the relator, awarding a peremptory writ of *mandamus,* the defendant appeals.   Other facts will be stated in the opinion.

For the appellant there was a brief by *Kittell, Jaseph & Young,* attorneys, and *Lynn D. Jaseph,* of counsel, all of Green Bay, and oral argument by *Lynn D. Jaseph.*

For the respondent there was a brief by *Martin, Martin & Martin,* and oral argument by *Joseph Martin* and *G. F. Clifford,* all of Green Bay.

State ex rel. Van Straten v. Milquet, 180 Wis. 109.

ROSENBERRY, J.   Sec. 3 of art. X of the constitution of the state of Wisconsin provides:

"The legislature shall provide by law for the establishment of district schools, which shall be as nearly uniform as practicable; and such schools shall be free and without charge for tuition to all children between the ages of four and twenty years; and no sectarian instruction shall be allowed therein."

In *Stroud v. Stevens Point,* 37 Wis. 367, it is said:

"It should be borne in mind that school districts are not formally chartered corporations, but are to be regarded rather as *quasi*-corporations, variable in organization and extent, and having corporate existence by force only of their public functions."

Being a *quasi*-public corporation, it has only the powers given to it by statute and such implied powers as are necessary to execute the powers expressly given to it. *Herald v. Board of Education,* 65 W. Va. 765, 65 S. E. 102, 31 L. R. A. N. s. 588, and note.

The officers of a school district must likewise act within the limits of their statutory authority, and where they are by statute required to act in a specified manner they must conform to the statutory requirements.

Sub. (1) (c), sec. 40.16, Stats.:

"It shall be the duty of the school board of any district in which the electors have voted to suspend all of the schools in the district to provide for the payment of the tuition of all children of school age residing in the district who desire to attend school in some adjoining district or districts during such time as the district school is suspended, *and to provide transportation to and from school for a period of at least six months during the school year or for such time as the district school is suspended, for all children between the ages of six and sixteen residing more than one mile from the nearest school.*"

It was pursuant to the power conferred by sub. (1) (c) that the district board acted in making a contract with the relator. It is the contention of the appellant that the contract was in fact made for securing the transportation of children of school age from the district to a private school; that the district board had no authority under the law to make such a contract, and that the contract between the relator and the district is therefore void. It appears without dispute that the relator knew that more than three fourths of the. children transported did not, and did not intend to, attend the public school. Five of the children were members of his own family.

A special meeting of the electors was held July 28, 1921. At that meeting the county superintendent of schools was present. The following is an extract from the minutes of that meeting:

"E. A. Seymour [the county superintendent] explained how transportation could be carried on, if two go to the public school, the rest can ride in the bus and the contractor can receive full pay."

While the first contract with De Cleene contained a provision that bills for transportation would not be audited or allowed except for transportation of pupils attending the public school of the city of De. Pere, the second contract contained no such clause and the defendant refused to sign the contract for that reason. The first recital of the contract, not set out in the statement of facts, is in part as follows:

"Whereas, the electors of school district No. 2 of the town of De Pere, Brown county, Wisconsin, at the annual school district meeting held in the schoolhouse of said district on the 5th day of July, 1921, voted and determined not to hold school in said district for the ensuing year, but instead to arrange for the free transportation of all of the children of school age in said district to the city of De Pere, . . ."

State ex rel. Van Straten v. Milquet, 180 Wis. 109.

This recital shows quite conclusively that the transportation was not limited or intended to be limited to children who attended the public schools. In view of these and other facts appearing in the record this court cannot close its eyes to the fact that the contract in question was intended to secure the transportation of pupils at public expense to a private school under cover of transporting two pupils to the public school. The question is, Did the school district board have power to make such a contract?

The school district board purported to act under that portion of sub. (1) (c) italicised above. It would seem to require no argument to show that it was the legislative intent that, in the event the district should vote to suspend all schools in the district, the tuition of all children of school age, resident in the district, who desired to attend school, should be paid in some adjoining district school and that the italicised provision authorized the district board to provide transportation to the school where the tuition was paid.

Under the constitutional mandate it was the duty of the legislature to provide a free school. This it had done by providing for the organization of a school district. School districts were organized so as to comply with the constitutional mandate and in the districts provision was made for the maintenance of a free school. Under the statutes referred to, the school district might, in lieu thereof, close the school, pay the tuition of resident pupils desiring to attend an adjoining district school, and provide for their transportation. The whole scope and purpose of the statute is to comply with the provisions of the constitutional mandate and that requires that free, non-sectarian instruction be provided for all persons of school age. The board is not authorized to expend public funds for any other purpose. The contract made by the district board whereby it attempted to provide transportation of pupils to a private

school was an act beyond its authority and therefore invalid. The fact that two pupils transported were within the statutory class for whom the district board was authorized to provide transportation does not save the contract. The school board is by the statute authorized to provide transportation for such children of school age as desire to attend a public school and no others. The contract is an entire contract and is therefore void *in toto* or valid *in toto*. The school district board is a public trustee and the agent by means of which the constitutional mandate is given effect, and it is not empowered to determine questions of policy but it must comply with the law which brings it into existence. A contention that a contract of the kind involved in this case is valid wholly ignores the underlying fundamental purpose of our educational system as set forth in the constitution.

It is also contended that the order issued in this case to the relator was not authorized at a legal meeting of the school district board. Sec. 40.24, Stats., provides:

"No act authorized to be done by the board shall be valid unless voted at its meeting and no formal notice of a special meeting shall be required where all members are present and consent to consider matters relating to the district."

By sub. (5), sec. 40.20, Stats., the clerk is authorized to draw orders on the treasurer to pay the wages of a qualified teacher, but this section does not authorize the issuance of orders for other purposes. By sub. (1), sec. 40.18, it is provided that the director shall countersign all orders legally drawn by the clerk upon the treasurer. In this case it is undisputed that the order was drawn by the clerk, countersigned by the director, and that the claim was never audited at a meeting of the school board.

*Doyle v. Gill,* 59 Wis. 518, 18 N. W. 517, is decisive of the question here raised. The school board had never au-

dited the claim, had never authorized the issuance of the order as it is required by statute to do. See, also, *Hubbard v. Lyndon*, 28 Wis. 674; *Kavanaugh v. Wausau*, 120 Wis. 611, 98 N. W. 550.

The order having been issued by the clerk, countersigned by the director without the direction of the school district board, the order was invalid, and the defendant, as treasurer of the district, was under no obligation to honor it. The contract between the relator and the school district being invalid, the board having no statutory authority to execute a contract for the transportation of persons of school age to a private school, and the issuance of the order not having been authorized by the school district board, a peremptory writ of *mandamus* should not have been granted.

*By the Court.*—Judgment of the circuit court reversed, with directions to dismiss the petition.