THE STATE OF DELAWARE, on the relation of Carlen P. Traub, Carlen P. Traub as next friend of Carlen J. Traub and Elizabeth K. Traub, David M. Salter, and David M. Salter as next friend of Marie Salter, Joseph Grady and Joseph Grady as next friend of Edward Grady, *v.* H. FLETCHER BROWN, EDWIN C. HUBER, WARNER W. PRICE, NORRIS N. WRIGHT, JAMES BEEBE and ERNEST A. SIMON, being the members of and constituting the State Board of Education of the State of Delaware.

182

(*April* 19, 1934.)

RICHARDS and REINHARDT, J. J., sitting.

*Stewart Lynch and Charles F. Curley* for relators.

*P. Warren Green,* Attorney-General, for the Board of Education.

Superior Court for New Castle County, No. 411, September Term, 1933.

REINHARDT, J., delivering the opinion of the Court:

The petition avers that the three relators reside in New Castle County outside the City of Wilmington; that the relator Traub is the father of two minor children, who are pupils of and attend the daily free school of St. Peters Roman Catholic Church, which school is supported by the members of the said Catholic Church and which church is located outside the city of Wilmington; that the relator is now obliged to pay for the transportation of his said two minor children to and from their home and said St. Peters School;

That relator Salter is the father of two minor children, one of whom attends the William Penn School, a free public school of this State, and the other of whom attends said St. Peters daily free school;

That relator Salter is now obliged to pay for the transportation of said minor to and from his home·and said St. Peters School;

That relator Grady is the father of a minor child who is a pupil of and attends the parochial school of St. Johns Roman Catholic Church at Hockessin, Delaware; that this is a daily free school supported by the members of St. Johns Roman Catholic Church; that the relator is now obliged to pay for the transportation of said minor child to and from his home and said St. Johns School.

The petition further avers that under the provisions of *Sections* 3 and 4 of the act found in *Volume* 38, *Laws of Delaware, c.* 142, *pp.* 548, 549, the members of the State Board of Education are required to provide and adopt rules, etc., for the carrying out of the purposes of said act, to-wit:

The free transportation of pupils attending daily free schools supported by any church and located outside the city of Wilmington.

The petition further avers that due and timely requests on behalf of the relators were made of the members of said State Board of Education to formulate said rules and carry out the provisions of said act, but that said Board then refused and still refuses so to do; and that said refusal is without warrant of law.

The prayer of the petition is that a peremptory writ of mandamus may issue commanding said defendants constituting the State Board of Education of the State of Delaware to formulate and adopt reasonable rules and regulations for carrying out the purposes of said act found in *Volume* 38, *c.* 142, § 3, *p.* 548, and otherwise to carry out and perform the duty imposed upon them by reason of said act.

A motion has been filed to dismiss the petition, and four reasons were urged in support thereof. They may be briefly grouped as follows:

1. "That *Section* 3 of the *Act of the General Assembly*, being *Chapter* 142, *Volume* 38, *Laws of Delaware, page* 548, by which the sum of five thousand dollars ($5,000) was appropriated for providing transportation of pupils attending schools supported by any church or religious society and which the said relators claim the State Board of Education refused to expend for such transportation of pupils attending such schools as set forth in paragraphs 3, 4, and 5 of said petition, is unconstitutional and in violation of *Section* 3 of *Article* 10 of the *Constitution of the State of Delaware.*"

2. "That said *Section* 3 of said *Chapter* 142 of *Volume* 38, *Laws of Delaware*, is unconstitutional and in violation of the Constitution of the State of Delaware, by being repugnant to the provisions of *Section* 16 of *Article* 2 of said *Constitution*, in that the subject included in said third section is not expressed in the title of said *Chapter* 142, which said Act, by the title thereof, is limited to the transportation of pupils to and from the public schools of the State."

*Section* 3 of *Article* 10 of the *Constitution of Delaware* is as follows:

"No portion of any fund now existing, or which may hereafter be appropriated, or raised by tax, for educational purposes, shall be appropriated to, or used by, or in aid of any sectarian, church or denominational school."

Rewriting this provision, without changing its meaning, it will read as follows:

"No portion of any fund now existing, for educational purposes, nor any fund which may hereafter be appropriated for educational purposes, nor any fund raised by tax for educational purposes, shall be appropriated to, or used by, or in aid of any sectarian, church or denominational school."

The relators, in their petition, contend that the monies appropriated in *Section* 3 of the *Act* under consideration, come from the General Fund and not from the so-called School Fund.

They further contend that the prohibition found in *Section* 3 of *Article* 10 of the *Constitution* applies only to appropriations from the School Fund and does not apply to appropriations from the General Fund. That the appropriation made by *Section* 3 of the *Act* under consideration being from the General Fund is, therefore, not in violation of the constitutional prohibition.

A careful reading, however, of *Section* 3 of *Article* 10

of the *Constitution* reveals a much broader and more comprehensive prohibition.

When this constitutional provision is rewritten as above set forth and the several prohibitions therein are drafted into distinct clauses or sentences, one of them reads as follows:

"No portion of any fund which may be hereafter appropriated for educational purposes, shall be appropriated to, or used by, or in aid of, any sectarian, church, or denominational school."

The word "fund" has the same general meaning as "money." It is money, or its equivalent, gathered for or to be appropriated to a specific object. *McCammon v. Cooper, et al.*, 69 *Ohio St.* 366, 69 *N. E.* 658. The school fund is a fund made up in a certain manner. The appropriation of money for the transportation of pupils is, when accomplished, a fund for a certain object. The real difference between the two funds is the way by which the money is gathered together. As to the school fund, it is money collected from the proceeds of certain investments and taxes. As to the fund for the transportation of pupils, it is money obtained by appropriations from the General Fund in the Treasury of the State and when so obtained, it constitutes a fund for educational purposes.

It would be entirely too narrow a construction to hold that this provision of the Constitution applies only to the School Fund. The provision itself does not so declare. It provides that:

"No portion of any fund now existing,  *  *  *  for educational purposes, shall be appropriated," etc.

—and again:

No fund which may be hereafter appropriated for educational purposes shall be used, etc.

The section not only prohibits the General Assembly from making appropriations in aid of Sectarian Schools,

but it also prohibits the use of such appropriations (if made) in aid of such schools.

The words "sectarian, church or denominational school" as used in the Constitution mean schools which are under the control, domination or governing influence of any religious sect or denomination. The ordinary understanding of the phrase "sect or denomination" is a church or body of persons in some way united for purposes of worship, who profess a common religious faith and are distinguished from those composing other such bodies by a name of their own. *Collins v. Kephart,* 271 *Pa.* 433, 117 *A.* 440.

*Section* 3 of the *Act* under consideration purports to appropriate funds for the transportation of:

"Pupils attending daily free schools supported by any Church or Religious Society and located outside of the City of Wilmington."

It can hardly be maintained that the schools mentioned in *Section* 3 of this *Act* are other than sectarian or denominational schools within the meaning of *Section* 3 of *Article* 10 of the *Constitution*. In fact, the relators in their petition quite frankly admit that St. Peter's School and St. John's School are supported respectively by the members of St. Peter's Roman Catholic Church and the members of St. John's Roman Catholic Church.

But the relators contend that the appropriation provided for in *Section* 3 of the *Act* under consideration is not appropriated "to, or used by, or in aid of any sectarian, church or denominational school."

It is true that the appropriation is not made to any sectarian school, but it is not so clear that it is not made to be used by or in aid of such school. In discussing the word "aid" in a constitutional provision somewhat similar to *Section* 3 of *Article* 10 of our *Constitution,* the Supreme Court of South Dakota said:

"What, then, constitutes benefit or aid? Webster defines * * * 'aid' " as " 'to support, either by furnishing strength or means to

help to success.' " *Synod of Dakota v. State of S. D.*, 2 *S. D.* 366, 50 *N. W.* 632, 635, 14 *L. R. A.* 418.

In discussing a somewhat similar question, the Appellate Division of the Supreme Court of New York said:

"The school is not the building and its equipment; it is the organization, the union of all the elements in the organization, to furnish education in some branch of learning. * * * It is the institution, and the teachers and scholars together, that make it up. The pupils are a part of the school. * * * It seems to us to be giving a strained and unusual meaning to words if we hold that the books and the ordinary school supplies, when furnished for the use of pupils, is a furnishing to the pupils, and not a furnishing in aid or maintenance of a school of learning. It seems very plain that such furnishing is at least indirectly in aid of the institution, and that, if not in actual violation of the words, it is in violation of the true intent and meaning, of the Constitution, and in consequence equally unconstitutional." *Smith v. Donahue*, 202 *App. Div.* 656, 195 *N. Y. S.* 715, 721.

We are of the opinion that to furnish free transportation to pupils attending sectarian schools, is to aid the schools. It helps build up, strengthen and make successful the schools as organizations.

The relators cite in opposition to the above cases, the case of *Borden v. Louisiana State Board of Education*, 168 *La.* 1005, 123 *So.* 655, 67 *A. L. R.* 1183. We are not impressed by the reasoning of this case. There was a strong dissenting opinion. Four of the Justices concurred in the majority opinion and three in the dissenting opinion. The case apparently stands alone and we prefer to follow the South Dakota and New York cases. The case of *State v. Milquet*, 180 *Wis.* 109, 192 *N. W.* 392, is also in point.

After a careful reading and study of all the cases cited by counsel for the relators and for the State Board of Education, we are constrained to hold that *Section* 3 of *Chapter* 142 of *Volume* 38, *Laws of Delaware,* is in violation of *Section* 3, *Article* 10, of the *Constitution* of this State and, therefore, void.

Having reached this conclusion, it is unnecessary for us to consider the question as to the title of the Act.

The motion to dismiss the petition should be granted and it is so ordered.