

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN

~~ATTORNEY GENERAL~~

**ATTORNEY GENERAL**

AUSTIN 11, TEXAS



Honorable J. J. Brown, Director
Vocational Rehabilitation Division
State Department of Education
Austin, Texas

Dear Sir:

Opinion No. O-2412
Re: Authority of the Vocational Reha-
bilitation Division of the State
Department of Education to pay
tuition of physically handicapped
persons in denominational schools.

We have your letter requesting an opinion on the a-
bove subject which reads as follows:

"Several years ago the Vocational Rehabili-
tation Department in the State Department of Educa-
tion patronized denominational schools and the
Comptroller's Department brought up the question
as to the legality of the State Department of
Education patronizing denominational schools. Mr.
Gaynor Kendall who at that time was Assistant At-
torney General made an exhaustive study of this
matter and told the Director of Vocational Re-
habilitation, J. J. Brown, that he felt sure that
if a ruling was made it would be to the effect
that the Vocational Rehabilitation Department
could not patronize a denominational school. We
did not ask that a ruling be made but simply
withdrew all students from denominational schools.
From time to time the question is again brought
up by various denominational schools as to why
physically handicapped people cannot have their
tuition paid in denominational schools."

In addition to the facts set out in your letter, you
have advised us that it is the practice of your department to
select the school and course of training which will be best
adapted to the needs and talents of the applicant; that you
pay no money to the applicant, but make payment of tuition
direct to the school.

We understand that vocational rehabilitation is admin-
istered by your department under the authority of Senate Bill

No. 86, Chapter 23, Acts of the 1st Called Session of the 41st Legislature, 1929, and pursuant to the regulations of the Federal Board for Vocational Education as provided by an Act of Congress passed June 2, 1920, and amended June 5, 1924, entitled "An Act to provide for the promotion of vocational rehabilitation of persons disabled in industry or otherwise, and their return to civil employment." The Federal and State governments both contribute funds for carrying out the purposes of your department.

Your question resolves itself to a determination of whether or not the payment of tuition by your department to denominational schools for the training of persons eligible for assistance is prohibited by Article I, Section 7, of the Constitution of Texas which reads as follows:

"No money shall be appropriated, or drawn from the Treasury for the benefit of any sect, or religious society, theological or religious seminary; nor shall property belonging to the State be appropriated for any such purpose."

The exact question here involved has never been directly passed upon by the appellate courts of Texas, so far as we have been able to ascertain. The above quoted constitutional provision, however, clearly prohibits state aid to religious institutions. Does the payment of tuition constitute aid to the institution?

In Jernigan v. Finley, 90 Tex. 205, 38 S. W. 24, the Texas Supreme Court in construing the analogous provision, Art. VII, Sec. 5, which reads in part, ".....And no law shall ever be enacted appropriating any part of the permanent or available school fund to any other purpose whatever; nor shall the same or any part thereof ever be appropriated to or used for the support of any sectarian school. . . ." declared: "The Legislature cannot do by indirection what it cannot do directly."

We believe that if State monies were used to pay the tuition fees of students in denominational schools the State would thereby be contributing indirectly to the support of such schools.

The Supreme Court of South Dakota in Synod v. State (1891) 2 S. D. 366, 50 N. W. 632, held that the payment of tuition of certain students, by the state, to a Presbyterian university was an appropriation for "the benefit of" a sectarian school in violation of Art. VI, Sec. 3, of the South Dakota Constitution which provided that "no money or property

of the state shall be given or appropriated for the benefit
of any sectarian or religious society or institution."

A similar provision in the Constitution of Kentucky
was held to prohibit the payment, by the State, of tuition of
certain pupils in a sectarian school. Williams v. Stanton
Graded Common School Dist., 173 Ky. 708, 191 S. W. 507. The
Kentucky Court of Appeals declared:

". . . to make clear and certain our deter-
mination to preserve the spirit of the Constitu-
tion and its efforts to keep separate church and
school, we not only hold that it is a violation
of the Constitution to appropriate any part of
the common school fund 'in aid of any church,
sectarian, or denominational school', but equally
unlawful for the trustees of any common or graded
school, or educational institution supported
in whole or in part by public funds raised by
taxation, or dedicated to common school purposes,
to enter into any contracts, agreements or ar-
rangements through or under which such school or
educational institution may be brought directly
or indirectly under the influence, control, or
supervision of any denominational or sectarian
institution or school."

The Wisconsin Supreme Court declared in State et rel
Van Straten v. Milquet, 180 Wis. 109, 192 N. W. 392, that a
school district bus might not carry any children to a parochial
school.

See also: Cook County v. Chicago Industrial School,
125 Ill. 540, 18 N. E. 183; State ex rel Nevada Orphan
Asylum v. Hallock (1882) 16 Nev. 385; Otkin v. Lawkin, 56
Miss. 764; Jenkins v. Andover, 103 Mass. 94.

Under the foregoing authorities we believe that your
department is forbidden by Art. I, Sec. 7, of the Texas Consti-
tution, supra, to pay tuition of any persons in denominational
or sectarian schools.

Yours very truly

ATTORNEY GENERAL OF TEXAS


BY s/Walter R. Koch
Walter R. Koch
Assistant

WRK:GO:wc

APPROVED AUG 16, 1940
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

This Opinion Considered And Approve In Limited Conference