COSTIGAN and others, Respondents, vs. HALL and others, Appellants.*

*June 5—June 22, 1946.*

---

\* Motion for rehearing denied, without costs, on September 28, 1946.

*Daniel H. Grady* of Portage, for the appellants.

For the respondents there was a brief by *Brazeau & Graves* of Wisconsin Rapids, and oral argument by *Theo. W. Brazeau.*

FOWLER, J.    The case is before us on appeal from an order sustaining a demurrer of the plaintiffs to the answer to the complaint on the ground that it does not state facts sufficient to constitute a defense.    The action is brought by taxpayers and citizens, resident of a common school district, to enjoin the school board of the district from transporting in a school bus, operatèd by the district, pupils resident of the district who attend a parochial school.    The basic allegations of the complaint are as follows: The district school is "suspended."    The pupils of the district who are transported are about forty in number.    A few of them attend the district school in the village of Lyndon and the greater number attend a parochial school in said village.    The district receives state aid for the transportation of only six or seven pupils. The prayer of the complaint is that the court "permanently enjoin the defendants from transporting the pupils of the district from said district to said parochial school at the expense

of the district and adjudge that the defendants repay to the district the money [alleged by the complaint to be $1,440] which they have paid out of the district funds" for such transportation.

The answer admits the allegations of the complaint as above stated except that it denies that the district received state aid for transportation of only six or seven pupils. It admits that the pupils transported were transported to the village of Lyndon, but alleges that the pupils were not delivered to the parochial school but alighted in the public streets of Lyndon and thence went to the school they desired to attend. It alleges that the parochial school attended by the pupils is of equal scholastic standard with that required for the public schools. It denies that the school district sustained loss by the transportation of the pupils, and alleges that the cost of the transportation was less than it would cost to maintain a public school in the district. The answer further alleges that the transportation involved was done in good faith on advice and in belief that it was required in performance of the duty of the school board.

The answer raises two points that are waived: (1) That a taxpayers' action does not lie because the taxpayer sustained no loss; and (2) that a citizen cannot raise a question as to the constitutionality of the payment for transportation to a parochial school in the public interest without first applying to the attorney general of the state to bring the action. This is mentioned that the case may not be taken as authority for the proper bringing of the action over objection of want of capacity to sue.

The plaintiffs claim that the action of the school board in transporting the pupils to attend the parochial school was illegal because in violation of sec. 3, art. X, and sec. 18, art. I, of the Wisconsin constitution, and that the case of *State ex rel. Van Straten v. Milquet* (1923), 180 Wis. 109, 192 N. W.

392, so decided. The defendants claim that such action is not in violation of the constitutional provisions referred to, and that, while the *Van Straten Case* was correctly decided under the facts involved therein and the statutes relating to transportation of pupils as they then stood, the statutes have been so changed since that decision as to render valid the instant transportation of all children transported.

The *Van Straten Case, supra,* was an action to compel the defendant district school board to pay the plaintiff the amount of school district's orders issued to him under his contract with the board for transporting pupils from the school district to the city of De Pere. Nearly all of the pupils transported attended the parochial school in the city "exclusively." There, as here, the school district had suspended operation of the district school. There, as here, the point at issue was whether the statutes under which the transportation was contracted for authorized the transportation of pupils who attended a parochial school.

It was held in the *Van Straten Case, supra,* that the statute there involved only authorized the transportation of pupils in the school district for such pupils as the district paid tuition to the school district for attendance at the public school in that district. See par. 2, p. 115, of the opinion. See also page 116 of the opinion from which we quote the following:

"The school board is by the statute authorized to provide transportation for such children of school age as desire to attend a public school and no others."

That is what and only what the court in that case decided as to payment for transportation of pupils, and it therefore held illegal payment for transportation of pupils to a parochial school. The opinion of the court as to payment for transportation of pupils went wholly on the statute. As the contract there involved by its terms purported "to arrange for

the free transportation of all of the children of school age in said district" (see bottom of page 114 of the opinion), the contract was held wholly invalid and *mandamus* was denied to compel payment of the school district's orders issued to pay for transportation pursuant to the void contract.

We consider that the instant statute must be held, as was the statute involved in the *Van Straten Case, supra,* not to authorize the transportation of the pupils transported. The two statutes so far as material are placed in apposition in the margin.[1] The old statute applied only to children for whose attendance the district paid tuition to the district in which they attended a public school and provided transportation for such children only. The present statute is of like import. It provides that the district shall pay tuition for the children who attend another district school, and shall transport children who so attend. It says nothing about transporting any other children. By a familiar and well-established rule of statutory construction, including the one class of children excludes all other classes. *"Inclusio unius, exclusio alterius."*

---

[1] Sec. 40.16 (1) (c), Stats. 1921:

It shall be the duty of the school board of any district in which . . . [school is suspended] to provide for the payment of the tuition of all children of school age residing in the district who desire to attend school in some adjoining district or districts during such time as the district school is suspended, and to provide transportation to and from school for . . . such time . . . for all children between the ages of six and sixteen residing more than one mile from the nearest school.

[1] Sec. 40.34 (2), Stats. 1945:

*Suspended school.* The board of any district which has suspended school shall pay the tuition of all children of school age residing in the district who attend other district schools . . . and shall provide transportation to and from school for all children residing more than two miles from the nearest district school . . . which they may attend, and the district shall receive the regular state . . . aid . . . on account of such transportation.

We also consider that, independent of the *Van Straten Case, supra,* and of comparison with the statute there involved, the present statute does not authorize the payment for transportation of any pupils under the instant facts. The complaint apparently assumes that the board lawfully paid for the transportation of the pupils who attended the public school in Lyndon. This is an erroneous assumption. The board has only such powers as to transportation of pupils as are conferred on it by the statute. From the language of the statute, when the district school is suspended, the district must pay the tuition of pupils within the district to "other district schools" that the children therein attend, and shall provide transportation "for all children who reside more than two miles from the *nearest* district school." This language implies two things as to transportation to the schools the children attend. To be entitled to transportation the children must attend the *nearest* district school, and they must live more than two miles from that school. It does not appear from the allegations of the answer that the public school in Lyndon is the nearest public school for all children in the district, nor does it appear that any children transported live more than two miles from the Lyndon public school. It not appearing that any of the children transported are entitled to transportation, it necessarily follows that those attending the parochial school in Lyndon are not entitled to it, and the demurrer was properly sustained.

The above is sufficient to rule the instant case, and we rest our decision on the grounds there stated. In so doing we have assumed as do counsel in their briefs that the statutes authorize the suspension of a district school. We doubt, however, that there is any statutory authority for such suspension except sec. 40.04 (14), Stats., which applies only to the case of the destruction of a schoolhouse. Such suspension as is here involved was formerly provided, but the provision has been

repealed, and the statute enacted to take the place of the repealed section omits provision for suspension. The history of the present statute, sec. 40.34 (2) is stated in the margin.[1]

Counsel stipulated that both parties desired that the court decide whether under the constitutional provisions above referred to a district board could lawfully expend money for the transportation of pupils to a parochial or private school. That issue is not within the pleadings in this case. The stipulation would have us decide whether the constitution forbids the payment for transportation in a case not before us. It would have us give advice to parties and to the public in a case not before us. That we have no power to do and we must decline to overstep our power.

We suggest, however, that if counsel for appellants is correct in his proposition that a statute that provides for the transportation of children who attend the public schools and provides none for those who attend parochial schools denies

[1] The electors of a school district were first empowered to suspend school by sec. 430 (15), ch. 354, Laws of 1897, which was as follows:

"15.   To authorize the district board to suspend the district school for such length of time as they may deem expedient, and to the best advantage of the district and pupils residing therein, and to arrange with any adjoining or other district or districts for the instruction of persons of school age residing in the district during the time when the school may be suspended, and to provide for the transportation of pupils residing more than one and a half miles by the nearest traveled road, from the schoolhouse of the district with which such an arrangement may be made. . . ."

Sub. 15, with some changes relating to transportation, became sec. 430—1, Stats. 1915.

Sec. 430—1, Stats. 1915, was repealed by sec. 1, ch. 441, Laws of 1917. By the same chapter nine new sections were created. Sub. 3 of sec. 2 of the act was as follows:

"It shall be the duty of the school board of any district in which the electors have voted to suspend all of the schools of the district to provide for the payment of the tuition of all children of school age residing in the district who desire to attend school in some adjoining district. . . ."

However, the section authorizing electors to vote suspension of a school at a district meeting was not re-enacted.

Sec. 430—1, Laws of 1917, became sec. 40.16 (1) (c), Stats., by ch. 578, Laws of 1917, and is now in substance sec. 40.34 (2).

to the latter equal protection of the law and is void, a proposition upon which we do not intimate any opinion, then the statute as a whole is void, and affords no basis for transporting any children. It therefore does not legalize the transportation of parochial school children and does not defeat plaintiffs' action.

*By the Court.*—The order of the circuit court is affirmed.

The following opinion was filed September 28, 1946:

PER CURIAM (*on motion for rehearing*). There is a motion for rehearing. Counsel for movants argues that the court decided the case upon the mistaken idea that the defendants were required to set up in their answer the existence of the statutory facts necessary to authorize the transportation of children to a parochial school at public expense. The case was decided upon two grounds. Ruling (1) was that in the *Van Straten Case,* 180 Wis. 109, 192 N. W. 392, the court held that the statute there involved only authorized the transportation of children to a public school, and the present statute, sec. 40.34 (2) is of the same import. We adhere to that ruling, and this is sufficient to require denial of the motion for rehearing. The rule of the *Van Straten Case* has stood for twenty-three years without amendment of the statute rendering that rule inapplicable and we consider that we should not now overrule that decision.

Counsel complains that the opinion wrongly states that he "concedes" that the *Van Straten Case, supra,* was correctly decided upon the statute as it stood when the case was decided. He is right in saying he did not so concede in his brief, but according to our recollection he is wrong in implying that he did not so concede in his argument. However, whether he so conceded is immaterial. We adhere to our ruling (1).

Counsel suggests that the opinion is erroneous because it is based on the idea that the defendants were obliged to set up in their answer the facts essential to invoke the statute

relating to suspension of a district school. In so far as the opinion so implies it is erroneous and the portion of the opinion so implying is withdrawn. This however does not affect the correctness of ruling (1), and that ruling being adhered to the motion for rehearing, as heretofore stated, must be denied.

Counsel argues that the order appealed from is erroneous because it denies to the defendants leave to submit an amended answer. The trial court in the exercise of its discretion withheld permission to amend the answer. We discover no grounds upon which it can be said that the trial court in so doing abused its discretion.

Motion denied without costs.