The BOARD OF EDUCATION FOR INDEPENDENT SCHOOL DISTRICT NO. 52 et al., Plaintiffs in Error,

v.

John L. ANTONE, a resident taxpayer of Independent School District No. 52, Midwest City, Oklahoma County, State of Oklahoma, on behalf of himself and all similarly situated taxpayers, Defendants in Error.

No. 39882.

Supreme Court of Oklahoma.

July 9, 1963.

Rehearing Denied Sept. 10, 1963.

T. Austin Gavin, Tulsa, John Frank Martin, Mathews & Buck, Oklahoma City, for plaintiffs in error.

Jack P. Trezise, Midwest City, Wendell E. Wightman, Oklahoma City, for defendants in error.

WELCH, Justice.

John Antone brought an action against the members of the school board of Midwest City, and Oscar Rose, Superintendent, to enjoin them from hauling parochial children, students of St. Phillips Neri Parochial, to said school, which included in its program conducting Mass each morning, and home from said school each evening. He alleged that the public school owned and operated school buses purchased with public funds collected through Federal, State and Local taxes, and the transporting of students of the privately owned Catholic school constituted a violation of the State Constitution. The trial court granted the relief sought. The School Board and Superintendent and other volunteer plaintiffs-in-error appealed. They will be hereafter referred to as defendants as they appeared in the trial court.

It appeared that the public school buses were used by the public school for the purpose of transporting students of the public school from distances in excess of one and one-half miles from the schools they attended; that about 175 pupils of St. Phillip Neri Parochial School were also being transported to and from the parochial school in said buses.

The defendants in the action in the district court have based their appeal on the proposition that the permitting of children who are in attendance at non-public, church-related schools to ride public school buses is for the public welfare, and where the routes taken by such buses are not enlarged or altered and where there is no additional or appreciable expense incurred by the public

school district by reason thereof, such practice is not forbidden by Art. II, Sec. 5, of the Oklahoma Constitution. That section provides:

"Public money or property—Use for sectarian purposes. No public money or property shall ever be appropriated, applied, donated, or used, directly or indirectly, for the use, benefit, or support of any sect, church, denomination, or system of religion, or for the use, benefit, or support of any priest, preacher, minister, or other religious teacher or dignitary, or sectarian institution as such."

Defendants suggest a departure from the decision of this court in Gurney v. Ferguson, 190 Okla. 254, 122 P.2d 1002, in which a legislative enactment of 1939, Art. 11, Chap. 34, was held unconstitutional for reason that it authorized students of private or parochial schools to be transported on buses of public schools where the private or parochial schools were located on public school bus routes. It is urged that had this court had the benefit of the decision of the United States Supreme Court in the case of Everson v. Board of Education, 330 U.S. 1, 67 S.Ct. 504, 91 L.Ed. 711, at the time of the issuance of the Gurney v. Ferguson decision the result would or might have been otherwise.

The suggestion is based upon the concept that expenditure of tax-raised funds can be justified if the purpose for which it is made is for the furtherment of the general welfare of the community as a whole, and not for the sole purpose of aiding any particular sectarian institution or religion, and that such was the interpretation of the United States Supreme Court in Everson v. Board of Education, and of our Court in Murrow Indian Orphans Home v. Childers, 197 Okla. 249, 171 P.2d 600.

██ The opinion in Everson v. Board of Education, supra, involved a statute of New Jersey which authorized boards of education to make rules and contracts for transportation of school children. A board of education authorized reimbursement of

parents for fares paid public carriers for transportation of children attending both public and parochial schools. A taxpayer challenged the legality of so doing. The New Jersey Court of Errors and Appeals, reversing the trial court, held that neither the state statute nor the resolution of the board of education passed pursuant to the statute violated the state or Federal Constitutions. On appeal of the Federal question only, the United States Supreme Court held that the state statute was not violative of the first amendment of the Federal Constitution; that the state statute would not be stricken down if it in any way is within the Constitutional power of the State. Notwithstanding the practical effect of the holding, it essentially constitutes a ruling that transportation of parochial pupils is not a Federal question, at least when tested by the First Amendment. As we view it, the decision does not change the effect of state constitutional provisions.

We should expressly note that the decision in Everson considered the provision of the First Amendment to the United States Constitution that:

> "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."

The Everson decision merely held that the New Jersey statute to reimburse parents for school children transportation fares, did not violate the quoted provision of the Federal Constitution. (Of course a Federal question.)

In this court's decision in Murrow Indian Orphans Home v. Childers, supra, pursuant to legislative enactment a contract had been entered into with, and service therein provided had been performed by, the Home. Payment being withheld by the State, we held that consideration, or a return to the State, had been received for the amount claimed and that support of the Home was not involved so that there was no offense to constitutional provisions. While the decision turned upon accomplishment of public purposes, or performance by the institution of service to needy children, as is pointed

out by defendants, the issue herein presented was not there squarely involved and the case could not be said to conflict with our decision in Gurney v. Ferguson, supra. The same can be said of this court's holding in State v. Williamson, Okl., 347 P.2d 204, that the construction by co-trustees of a trust estate, of a chapel on the grounds of a stated owned orphans home of non-sectarian, non-denomination unrequired religious worship, did not involve any violation of Art. II, Sec. 5 of the Constitution of Oklahoma, nor of the First Amendment to the Federal Constitution.

Defendants urge that providing for needy children, providing for the education of all children within the state, and affording facilities therefor (thereby fulfilling an obligation created by required attendance at an accredited school, be it public or church-related) should not be measured by whether the same aids any particular sectarian institution or religion, but whether the purpose is the general welfare of the community. To our minds, however, the history of the First Amendment of the United States Constitution and the reasons for its enactment adequately refute such contention. A narrative of such history is set out in the opinion in Everson v. Board of Education, supra. Similar reasons apply to Art. II. Sec. 5, of our State Constitution. Such section prohibits the use of public money or property for sectarian or parochial schools.

The question we have here is purely one of interpretation of a provision written into our Constitution and of upholding it as it is written. The law leaves to every man the right to entertain such religious views as appeal to his individual conscience, and to provide for the religious instruction and training of his own children to the extent and in the manner he deems essential or desirable. When he chooses to seek for them educational facilities which combine secular and religious instruction, he is faced with the necessity of assuming the financial burden which that choice entails.

As we pointed out in Gurney v. Ferguson, supra, if the cost of school buses

and the maintenance and operation thereof is in aid of the public schools, then it would seem to necessarily follow that when pupils of parochial schools are transported by them such service is in aid of that school. Any such aid or benefit, either directly or indirectly, is expressly prohibited by the above qouted provision of the Constitution of Oklahoma. It must be upheld and enforced by all Courts.

The judgment of the trial court is affirmed.