**OPINION OF THE JUSTICES of the Supreme Court in Response to Question Propounded by the Governor of Delaware.**

Supreme Court of Delaware.

Jan. 28, 1966.

To His Excellency Charles L. Terry, Jr.
Governor of Delaware

Reference is made to your letters of December 16, 1965 and January 5, 1966, addressed to the Chief Justice, requesting the opinions of the members of the Supreme Court as to the constitutionality of a law recently enacted by the General Assembly of Delaware, known as House Bill No. 373, as amended by House Amendment No. 2 (hereinafter "the Act").

The Act provides:

"When provision is made by a school district or the State Board of Education for the transportation of pupils to and from the public schools, the school district or the State Board of education shall also make provision for the free transportation of pupils who regularly attend non-public Elementary and High Schools not operated for profit. Such transportation provided for pupils attending non-public Elementary and High Schools not operated for profit shall be over established public school bus routes. Such pupils shall be transported to and from the point or points on such routes nearest or most convenient to the school which such pupil attends.

"Section 2. This Act shall become effective on July 1, 1966."

1. 29 Del.C. § 2102 provides:
"§ 2102. Request for judicial opinions
"The Governor may, whenever he requires it for public information, or to enable him to discharge the duties of his office with fidelity, request the members

Your letter refers to Article 10, Section 3 of the Delaware Constitution, Del.C. Ann., which provides:

"Section 3. No portion of any fund now existing, or which may hereafter be appropriated, or raised by tax, for educational purposes, shall be appropriated to, or used by, or in aid of any sectarian, church or denominational school; provided, that all real or personal property used for school purposes, where the tuition is free, shall be exempt from taxation and assessment for public purposes."

The question you present for opinion is:

"Is House Bill 373 with House Amendment 2 constitutional?"

We understand that the Act is now before you for approval and that your request for the opinions of the members of this Court is made under 29 Del.C. § 2102.[1]

Because of the importance and difficulty of the question presented, we considered it advisable to have the assistance of counsel. After consultation with the President of the Delaware Bar Association, an experienced and able member of the Bar was assigned by the Court to each side of the question presented. We have had the benefit of their very helpful legal research and briefs, for which we express the Court's appreciation.

In considering the question, we have taken judicial notice of the fact that funds used for bus transportation of public school students heretofore have been part of appropriations made by the General Assembly to the State Board of Education for educational purposes. We have also made certain assumptions: that Delaware has no private elementary school or high school

of the Supreme Court to give him their opinions in writing touching the proper construction of any provision in the Constitution of this State or of the United States, or the constitutionality of any law enacted by the Legislature of this State."

operated for profit; that, generally speaking, bus transportation is now being furnished for pupils of sectarian schools, where necessary, either at the expense of the parents or of the schools; and that free bus transportation of pupils of sectarian schools under the Act would require additional appropriation of State funds.

The Constitution of Delaware, by Article 10, Section 3, expressly prohibits the use of any funds, appropriated or raised by taxes for educational purposes, "in aid of any sectarian, church or denominational school." The ultimate question presented is whether free bus transportation of pupils of a sectarian, church or denominational school (hereinafter "sectarian school") under the Act would be "in aid of" the school, in violation of Article 10, Section 3.

This question has been heretofore considered by the Superior Court of this State in State ex rel. Traub et al. v. Brown et al., 6 W.W.Harr. 181, 172 A. 835 (1934). The Superior Court held that the Act there involved was violative of Article 10, Section 3, after concluding that to furnish free transportation to pupils attending sectarian schools is to aid the schools, because it "helps build up, strengthen and make successful the schools as organizations."

The *Brown* case has stood unreversed as the law of this State for more than three decades. After careful review of the question and of the legal authorities which have dealt with the question, both before and since the *Brown* case, we are of the opinion that the reasoning of that case was correct. Clearly, insofar as a school may be relieved of the expense of transporting its students, it is aided by free public transportation. And, whether or not a school bears the expense, transportation, where needed, is as essential to the operation of the school as any other element. It is illogical, we think, to say that the furnishing of transportation would not be an aid to the school while, concededly, the furnishing of other elements, such as teachers, books, school supplies and other facilities, would be of such aid.

This conclusion is in accord with what appears to be the majority rule as established in a line of cases in other jurisdictions, several of which cite the *Brown* case as a leading authority. ⎛The conclusion that free student transportation is unconstitutional, because it is an aid and benefit to sectarian schools, has been adopted by the highest Courts of New York [Judd v. Board of Education, 278 N.Y. 200, 15 N.E. 2d 576, 118 A.L.R. 789 (1938)]; the State of Washington [Visser v. Nooksack Valley School District, 33 Wash.2d 699, 207 P.2d 198 (1949)]; Missouri [McVey v. Hawkins, 364 Mo. 44, 258 S.W.2d 927 (1953)]; Wisconsin [State ex rel. Van Straten v. Milquet, 180 Wis. 109, 192 N.W. 392 (1923)]; Alaska [Matthews v. Quinton, Alaska, 362 P.2d 932 (1961)]; and Oklahoma [Board of Education for Independent School Dist. No. 52 v. Antone, Okl., 384 P.2d 911 (1963)].

We have considered the cases expressing the view that free public transportation to a sectarian school aids the parents who are under the compulsion of law to send their children to school; that, in the exercise of the police power, it promotes the safety of the children; and that, therefore, it helps the parents and the children primarily, and the school only incidentally. This has become known as the "child-benefit" theory. Such cases include Board of Education of Baltimore County v. Wheat, 174 Md. 314, 199 A. 628 (1938); Bowker v. Baker, 73 Cal.App.2d 653, 167 P.2d 256 (1946); Snyder v. Town of Newton, 147 Conn. 374, 161 A.2d 770 (1960); and Nichols v. Henry, 301 Ky. 434, 191 S.W.2d 930, 168 A.L.R. 1385 (1945).

In addition to the effectiveness of the *Brown* case, several other considerations militate against the persuasiveness of the last cited cases and the acceptance of the view therein stated: First, none of those cases, except *Bowker,* involved a constitutional limitation, similar to our Article 10,

Section 3, explicitly forbidding aid to sectarian schools; and as to *Bowker,* we observe that it is the decision of an intermediate appellate Court of California which has not been reviewed by the highest Court of that State. Secondly, it is noteworthy that the child-benefit theory includes the proposition that the aid or benefit to the school is secondary or incidental. Manifestly, Article 10, Section 3 proscribes any and all aid to sectarian schools, including secondary or incidental aid. And, finally, it appears that pupils are presently being transported, where necessary, to the schools of their choice in Delaware, and that no special highway safety problem exists here, by reason of the movement of students to sectarian schools, which would be solved by free public transportation furnished as a public welfare service under the police power of the State.

We have reserved for final comment the case of Everson v. Board of Education of Ewing Tp., 133 N.J.L. 350, 44 A.2d 333, aff'd. 330 U.S. 1, 67 S.Ct. 504, 91 L.Ed. 711 (1947). That case involved authorization of reimbursement of parents for fares paid public carriers for transportation of children attending parochial schools. No constitutional provision like our Article 10, Section 3 was there involved. In a 5–4 decision, the United States Supreme Court applied the child-benefit theory in testing the facts of that case against the First Amendment to the Federal Constitution. In the light of the clear mandate of Article 10, Section 3 of the Delaware Constitution, we find inapposite those portions of the *Everson* majority opinion which may be construed as being contrary to the views we adopt here. Compare Visser v. Nooksack Valley School District, supra; Matthews v. Quinton, supra; and Board of Education v. Antone, supra. In passing, it is noteworthy that Mr. Justice Douglas, who constituted one of the 5–4 majority in the *Everson* case, has since changed his views. In the comparatively recent case of Engel v. Vitale, 370 U.S. 421, 82 S.Ct. 1261, 1273–1274, 8 L.Ed.2d 601 (1962),

Mr. Justice Douglas indicated that he now shares the views expressed in the *Everson* dissent of Mr. Justice Rutledge which supports the conclusions we have reached here.

■ For the reasons stated, our answer to your question is that we are of the opinion that House Bill No. 373, as amended by House Amendment No. 2, would be violative of Article 10, Section 3 of the Delaware Constitution insofar as it may require the use of funds "appropriated, or raised by tax, for educational purposes" for the transportation of students, to "any sectarian, church or denominational school."

The foregoing is the opinion of each of the members of this Court.

■ In view of the fact that your letter specifically requests our opinions as to the constitutionality of the Act under Article 10, Section 3, we have confined ourselves to that provision. Accordingly, we have given no consideration to the effect of any other provision of the Delaware Constitution or Federal Constitution; nor have we considered the question of whether the furnishing of transportation to pupils of non-sectarian private schools, under the Act, would be violative of the fundamental constitutional principle that public funds shall not be used for private purposes. See Wilmington Parking Authority v. Ranken, 34 Del.Ch. 439, 105 A.2d 614 (1954). In view of our rejection of the child-benefit theory, a substantial question of constitutional law may also exist in this connection.

Respectfully submitted,

DANIEL F. WOLCOTT
Chief Justice

JAMES B. CAREY
DANIEL L. HERRMANN
Associate Justices