Dear Director Hill,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question.
May the Oklahoma State Department of Energy expend federal fundsreceived under a grant authorized by the National Energy ConservationPolicy Act of 1978 on parochial schools?
The National Energy Conservation Policy Act of 1978, P.L. 95-619, specifically Title III, Sections 301-312, provides for the grants of federal monies for the purpose of assisting states and non-profit schools and hospitals in "identifying and implementing energy conservation maintenance and operating procedures and in evaluating, acquiring, and installing energy conservation measures to reduce the energy used and anticipated energy costs of schools and hospitals". Title III, Section 301(b). Federal grant funds are available on a 50 percent matching program and as with most other federal programs, in order to receive the funds the State Energy Agency must submit to the federal government a plan which will establish how the state proposes to expend those federal funds so as to comply with the goals and guidelines established by the federal law. More specifically, Title III, Section 302 amends appropriate sections of the Energy Policy and Conservation Act as it existed prior to 1978 to require under Section 394(a)(4) the following requirement with respects to the state plan:
 "Procedures to ensure that funds will be allocated among eligible applicants for energy conservation projects within such state, including procedures
 (B) to ensure that equitable consideration is given to all eligible public or non-profit institutions regardless of size and type of ownership, . . ."
Of course, private parochial schools are non-profit entities as defined by the above quoted provision. Your question asks essentially whether the State of Oklahoma, through the Department of Energy, may make grants of federal funds directly to parochial schools for the purposes of implementing the federal legislation. Article II, Section 5 of the Oklahoma Constitution provides:
 "No public money or property shall ever be appropriated, applied, donated or used, directly or indirectly for the use, benefit or support of any sect, church, denomination or system of religion, or for the use, benefit or support of any priest, preacher, minister or other religious teacher or dignitary or sectarian institution as such."
It is difficult to imagine how the framers of our constitution could more completely and expressly state that public money shall not be directly or indirectly used for any sectarian purpose. The provision of the Constitution has been interpreted by the Supreme Court of the State of Oklahoma on numerous occasions and in every instance given a strict interpretation so as to preclude the use of public funds for sectarian purposes in any manner. See Gurney v. Ferguson, 190 Okla. 254, 122 P.2d 1002
(1939); Murrow Indian Orphans Home v. Childers, 197 Okla. 24g, 171 P.2d 600
(1946); State v. Williamson, 347 P.2d 204 (Okla. 1959); Bard of Education of Independent School District No. 52 v. Antone, 384 P.2d 911 (Okla. 1963); Meyer v. Oklahoma City, 496 P.2d 789 (Okla. 1972).
The decisions leave little doubt that public funds may not be expended to assist sectarian institutions in the implementation of these energy conservation programs.
Nor do we think that the segregation of federal funds in separate accounts and the expenditure of only federal funds from those accounts in the State Treasury is a means by which the State can provide assistance to private sectarian schools. The federal program enacted in P.L.95-619, Title III, is a grant program by which federal funds are given to a state agency for implementation of the goals and policies of law. The funds received under the grants are deposited with the State Treasurer in segregated and identified special accounts. When disbursements are to be made they are made on state warrants. Federal grant funds once received by the State Treasurer, even though segregated into separately identifiable accounts, are public funds when drawn by state warrants for the purpose of expenditure even though the funds expended may not include state originated matching funds from other accounts.
It is, therefore, the opinion of the Attorney General that the StateDepartment of Energy may not expend funds from federal grants receivedunder P.L. 95-619 for the purpose of assisting private parochial schoolsin the implementation of energy conservation modifications to theirfacilities.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN F. PERCIVAL, ASSISTANT ATTORNEY GENERAL